## UNITED STATES v. CURTNER.

*(Circuit Court, D. California. January 18, 1886.)*

1. PUBLIC LAND—UNITED STATES VACATING PATENT.
    Where a patent has been issued by mistake to a party not entitled to it, and the United States is under an obligation to make a good title to another party, they may maintain a suit to vacate the prior patent.
2. SAME—PARTIES.
    In such a case, when the lands have been listed to a state, and by the state patented to private parties, neither the state nor the party entitled to the lands is a necessary party to the suit.
3. SAME—MULTIFARIOUSNESS.
    A bill, against several parties having no joint interest in the lands, to vacate several patents of distinct parcels of lands, is not multifarious.

*S. G. Hilborn*, U. S. Atty., and *Shafter, Parker & Waterman*, for complainant.

*L. D. Latimer*, for defendants.

SAWYER, J., (*orally*.) This is a bill filed by the United States to set aside listings of certain lands to the state of California, and certain patents therefor, issued to defendants by the state. The ground is that the lands listed and patented are odd sections within the limits of the grant made by the United States to the Central Pacific Railroad Company; that no other right had attached to them at the time of filing the definite location of the road; that the road having been

completed pursuant to the act of congress, the title vested; and that the lands were listed over to the state by mistake, the right of the railroad company to a patent having before the listing fully vested and become perfect. The state, after such listing over, patented them to the several defendants or their grantors in this case. This suit is brought by the United States, under direction of the attorney general, to annul the listing and these patents, on the ground that they were issued by mistake, when there was no right, except the bare, naked, legal title, left in the United States, and no authority in the officers of the United States to list them over to the state of California. There is a demurrer to the bill.

In the first point counsel follow the suggestions in the case of *U. S.* v. *Minor,* 114 U. S. 233, S. C. 5 Sup. Ct. Rep. 836, as to whether the right to the lands having already passed out of the United States, the complainants have any interest in the suit. They suggest the points therein indicated, and rely upon them. I think the United States have such an interest in the lands, or that they stand in such relation to them, as entitles them to maintain a suit. Under the allegations of the bill, the right to a patent to the lands was fully vested and perfected in the railroad company before the listing to the state. The officers of the government, therefore, acted wholly without authority in listing them to the state; but they did list them over, and the state has patented them to the several defendants and their grantors, and thereby a conflict has arisen, and the government recognizes the right of the railroad company. There has been a conflict for years over these lands, the railroad company seeking a patent. The government, after a due consideration of the subject, recognizes the fact that these lands belong to the railroad company, but declines to complicate the matter by issuing another patent. It prefers to vacate the title issued, in order that it may give a perfect title, which I think is a very proper mode of procedure on the part of the United States. It is much better than issuing another and second patent, thereby complicating the title, and leaving the railroad company a long litigation with each individual defendant on its hands. It was through the wrongful acts of the officers of the government that this conflict arose, and the listing to the state stands in the way of issuing the patent to the proper party. As the wrong resulted from the mistake of the government officials, the government of the United States is under obligation to perfect the title for its first grantee. The United States have an interest, therefore, in the litigation, because they are morally and legally bound, although there may be no remedy in the courts against the government, to see that this title is made perfect, and they therefore stand in such relation to the lands in this case as gives them a right to intervene to set aside the listing to the state, and the patents issued in pursuance of such listing, in order that they may perform their duty, and discharge their legal and moral obligation to the railroad company. The following authorities, I think, sustain that

position: *U. S.* v. *Hughes,* 11 How. 568; *Hughes* v. *U. S.,* 4 Wall. 235; *U. S.* v. *Stone,* 2 Wall. 535; *U. S.* v. *Robbins,* 96 U. S. 533. The United States is an injured party, it being placed in that position where it cannot fulfill its legal obligation. I think that objection, therefore, should be overruled.

The second objection is that there is a defect of parties plaintiff, the railroad company not having been made a party. The railroad company, although it is interested in the land, is not a party to the transaction between the United States and the state of California, and it derived no title from the United States subsequently to this transaction. The right of the railroad company was vested and perfected before this transaction. It is not a subsequent claimant. It being no party to the transaction, and not claiming by title subsequent, I think it is not an indispensable or necessary party to the suit. The sole duty to make a title is on the government. Whether it would be a proper party, it is not necessary now to determine. I think that objection should be overruled.

The next objection is that the state of California should be a party. The state of California has parted with all her interest in the lands, whatever it was, to the defendants in this case, and she now has no interest in them to be affected. I do not think she is an indispensable or a necessary party to this suit. Besides, the state of California cannot be sued. She is not subject to be sued, and could not be made a party. As to whether she would be a proper party, it is not necessary to determine; but I do not think the state of California is an indispensable party, as to any suit between the United States and her grantees. The United States have no interest in any litigation between the state and her grantees, arising out of the transactions between themselves. The demurrer is therefore overruled on that point.

It is claimed that the action is multifarious, in that each of the parties defendant has a separate patent from the state. These lands were listed to the state under one act. It is possible that they were listed at different times, but it was all done under one act, and the rights of the railroad company, the moving cause of this suit, are derived from the United States under one act. There are therefore two points of title common to all the parties. The same questions arise as to all of these defendants, and the case of each will be decided on the same issues and the same testimony. There is no difficulty, then, in litigating all the questions, and the rights of all the parties, in the same suit. In this matter of multifariousness, in equity practice, there is no definite, absolute, unbending rule. It rests very much in the discretion of the court. The litigation in this suit will prevent a multiplicity of suits. A suit brought against each defendant, respectively, would be oppressive to the government and to all parties, and be much more expensive to both. I think the bill is unobjectionable in that particular.

The statute of limitations, and that the claim is stale, are set up as grounds of demurrer, but they do not appear to be relied upon in the argument. Indeed, nothing is said on these points. The statute of limitations, if applicable as such in equity cases in the national courts, does not apply to the United States.

As to staleness, the railroad company has constantly been pressing its claim before the proper officers, and awaiting for years on the routine of the land department of the government. The department has been considering it, and the claim having gone through all stages, the secretary of the interior has finally decided that the company was entitled to the lands, and directed the commencement of this suit. The proceedings have been as expeditious as is usual in such cases, and as the nature of the case admits. I do not think the charge of staleness will lie in this matter. The case, I think, is within the rule on this point stated in *U. S.* v. *Minor,* already cited.

The demurrer will therefore be overruled, and the defendants allowed till the rule-day in March to answer.