# Richmond

CHARLES HOWARD HASKINS v. MILDRED WOMBLE HASKINS.

January 13, 1947.

Record No. 3132.

Present, Holt, C. J., and Hudgins, Gregory, Eggleston, Spratley and Buchanan, JJ.

1002

The opinion states the case.

*Breeden & Hoffman,* for the appellant.

*James G. Martin & Son,* for the appellee.

SPRATLEY, J., delivered the opinion of the court.

On November 23, 1945, the appellant, Charles Howard Haskins, filed his bill of complaint against Mildred Womble Haskins to obtain a divorce *a mensa et thoro* on the grounds of wilful desertion, and mental and physical cruelty. On December 11, 1945, the defendant filed a demurrer to the bill, in which she relied upon the grounds that it did not state a cause of action, and that its allegations were too vague and indefinite. She also filed her answer and cross-bill on the same day. Thereafter, the plaintiff filed his demurrer and answer to the cross-bill.

A hearing on the demurrers was had on December 28, 1945. The court sustained the defendant's demurrer to the original bill of complaint and overruled the plaintiff's demurrer to the cross-bill. The plaintiff was given leave to file an amended bill in twelve days, the time requested by his counsel. A decree, accordingly, was then and there immediately written, endorsed as having been seen by counsel for both parties, and marked for entry by the judge. The December, 1945, term of the court ended January 5, 1946.

The plaintiff failed to file his amended bill within twelve days. However, on January 14, 1946, seventeen days after the decree of December 28, 1945, nine days after the end of the December, 1945, term, and five days after the expiration of the twelve days allowed for an amended bill to be filed, he tendered an amended bill. The January, 1946, term of the court commenced on January 7, 1946, and ended on February 2, 1946.

The defendant appeared specially by counsel and objected to the filing of the amended bill on the ground that the court had no further power or jurisdiction to allow it to be

filed after the expiration of the time limit set forth in the order of December 28, 1945.

The court sustained the objection and dismissed the original bill of complaint. The decree to that effect, dated January 14, 1946, reads, in part, as follows:

"The Court being of the opinion that it had no jurisdiction or power to allow said amended bill of complaint to be filed, although being of the opinion that good cause for said delay exists if the Court had such power and jurisdiction, testimony having been taken on behalf of the complainant that one of counsel's two stenographers has been out of his office due to illness for the past ten (10) days and the other said stenographer was out for three (3) days during said time due to illness, said stenographers doing the work of four attorneys, the Court doth refuse to permit said amended bill of complaint to be filed and doth dismiss the original bill of complaint heretofore filed. To which action of the Court the complainant excepted."

The decree further directed that the proposed amended bill be lodged with the clerk "for the purpose of the record." The plaintiff duly excepted to the entire action of the court.

Thereafter, on January 29, 1946, the plaintiff moved the court to vacate and set aside the decree of January 14, 1946, and to permit him to file his amended bill on the ground that the decree of December 28, 1945, had not become final by operation of law, for the reason that the chancery order book of the court had not been signed by the judge since the 28th day of December, 1945, and that the December, 1945, term had not "officially" ended, and for other violations of Virginia Code, 1942 (Michie), sections 5962 and 5962a. He further contended that it was within the discretion of the court to permit his amended bill to be then filed, if good cause was shown for the delay in offering it. This motion was heard on February 2, 1946.

Testimony taken on behalf of the plaintiff disclosed that for ten days prior to January 14, 1946, one of the two stenographers of the law firm of plaintiff's counsel had been ill and unable to work and the other stenographer was ill

for a day, the two stenographers handling the work of four attorneys, and that plaintiff's counsel had been engaged in considerable other legal work.

The deputy clerk of the court testified that the decree of December 28 had been spread upon the chancery order book "within a day or two" after its date; but that, as of the date of his testimony, the recorded proceedings of December 28, 1945, had not been read in open court, or signed by the presiding judge.

On February 2, 1946, the trial court being of the opinion that there was no merit to the motion, and being still of its former opinion that although good cause was shown for the delay in filing an amended bill it was without power or jurisdiction to permit its filing after the expiration of the twelve-day period prescribed in the decree of December 28, 1945, entered its decree again dismissing the original bill of complaint.

No evidence was taken on the merits of the case. The sole issue before us turns on the question of pleading and the action of the trial court in connection therewith.

The plaintiff contends that he is aggrieved by the decrees of January 14, 1946, and February 2, 1946. He assigns error to the actions of the court in sustaining the demurrer to the original bill of complaint, in refusing to permit him to file his amended bill, and in dismissing his bill of complaint.

For grounds of divorce, the bill contained the following allegations:

"1. Complainant and respondent, Mildred Womble Haskins, both members of the white race, were lawfully married in the City of Norfolk, State of Virginia, on the 9th day of May, 1931, as is evidenced by a certified copy of said marriage license attached hereto, marked Exhibit A, and asked to be read and taken as a part of this Bill of Complaint.

"2. Both complainant and respondent were, at the time of the institution of this suit, and for more than one (1) year next preceding the commencement thereof, actual *bona fide* residents of and domiciled in the County of Norfolk, State of Virginia.

"3. There are no children born of said marriage.

"4. Complainant alleges and avers that approximately during the month of August, 1943, respondent met one Carl A. Juvrud, a Major in the United States Army, then stationed at Norfolk, Virginia, until October, 1943; that thereafter for a period of more than twelve months respondent corresponded with said Juvrud, the contents of said letters clearly indicating the affection between the parties; that respondent, in an effort to conceal her actions rented P. O. Box 2581 at the Post Office in Norfolk, Virginia, under the name of 'Mildred Womble,' same being respondent's name prior to her marriage; that respondent purchased and sent gifts, food, candy, and other items to said Juvrud; that respondent continually telephoned said .Juvrud during his service in 'the United States and thereafter cabled him while on foreign duty; that in addition to the foregoing, respondent has kept company with one Amos J. Slaton, a Chief Specialist in the United States Navy, the contents of certain correspondence clearly indicating the affection between the parties.

"5. Complainant states that for the past two years or more, life with respondent has become unbearable. Complainant had no knowledge of the allegations contained in paragraph four (4) aforesaid until respondent appropriated certain War Bonds having an aggregate maturity value of approximately $2,400, at which time complainant requested same which request was refused, although all bonds appearing in the joint names of 'Charles H. or Mildred W. Haskins' were purchased by complainant from his own earnings. Sometime thereafter, complainant decided to search for said bonds and in so doing discovered the correspondence heretofore referred to in paragraph four (4).

"6. Complainant alleges and avers that respondent has harassed him in his employment; respondent has continually thrown articles at him and has destroyed a considerable amount of his personal property in fits *or* violent temper exhibited by her. Such actions and respondent's obvious

affection for other than complainant, caused complainant to leave the respondent.

"7. The parties to this cause last cohabited together in the County of Norfolk, State of Virginia."

In Virginia, "A divorce from bed and board may be decreed for cruelty, reasonable apprehension of bodily hurt, abandonment or desertion." Virginia Code, 1942 (Michie), section 5104.

In reality, there are only two grounds for a divorce *a mensa et thoro,*—desertion and cruelty, because cruelty and reasonable apprehension of bodily hurt are so closely related in the matter of proof and effect. In a suit upon either ground, the bill must allege facts necessary to show a cause of action with definiteness and certainty. It is not sufficient to show conclusion of law, nor opinion on facts not given, nor should facts be inferred from other facts stated in the allegations, supplied by argument. With certain exceptions not material here, divorce suits in Virginia are conducted as other equity suits. Virginia Code, 1942 (Michie), section 5106.

In *Haynor* v. *Haynor*, 112 Va. 123, 70 S. E. 531, this court, in reviewing the action of the trial court in overruling a demurrer to a bill for a divorce from bed and board for alleged cruelty and reasonable apprehension of bodily harm, said:

"The bill abounds in inferences based on the pleader's conclusions from unrevealed facts; but with the exception of the indefinite and general allegations, that the defendant had 'threatened bodily harm to your oratrix, and * * * to put poison in her food and drink,' it contains no specific averment of a traversable fact.

"In *Wood* v. *Wood*, 2 Paige (N. Y.) 108, 113, Chancellor Wolworth observes: 'The only safe and prudent course is to require the charge, whether of crimination or recrimination, to be stated in the pleadings and in the issues in such a manner that the adverse party may be prepared to meet it on trial.'

\* \* \* \* \* \*

██ "In *Trumbo* v. *Fulk,* 103 Va. 73, 77, 48 S. E. 525, 526, the court said: 'A demurrer admits as true all facts which are properly pleaded, but does not admit the conclusions of law from these facts which the pleader may have seen fit to introduce.' "

In *Griffin* v. *Griffin,* 183 V,a. 443, 32 S. E. (2d) 700, in reviewing the general allegations of a bill for divorce *a mensa et thoro* upon the ground of cruelty, Mr. Justice Gregory said: "The first bill of complaint was clearly demurrable because its allegations were too indefinite and uncertain. They did not set forth a good cause of action."

The fourth paragraph of the bill in the present case merely alleges that the defendant met Major Juvrud in August, 1943, when he was stationed in Norfolk until October, 1943. During that period no impropriety of action on the part of either of them is charged. Thereafter, when Major Juvrud was on foreign duty, it alleges that the defendant corresponded with him by letters "indicating affection between the parties;" that she telephoned and cabled him, and sent him candy and gifts; and that she maintained a post office box in her maiden name. In addition, it alleges that at an unstated time, she "kept company" with a chief specialist in the United States Navy, and contends the correspondence with him indicated "the affection" between them.

These allegations do not charge adultery, nor show any definite acts of cruelty or desertion. They show that the correspondence between the defendant and Major Juvrud ended about twelve months after October, 1943, and this suit was not commenced until November, 1945. There is alleged no separation between the parties during that period.

The contents of the letters alleged to "indicate affection" are not stated, and the effect of their contents is purely a matter of opinion and construction by the plaintiff. Whether they were merely indiscreet or improper can be determined only by a knowledge of the language used and the circumstances of its use.

It may be noted that the time involved was during the period of the World War, where emotions and sympathy

were highly evident in connection with those in the armed services of their country at home and abroad.

There is no allegation of the time when the discovery of the letters was made by the plaintiff, or that their marital relations were broken off by reason thereof at that time or at any specific time thereafter.

The allegation in paragraph 5 of the bill, "that for the past two years or more, life with respondent has become unbearable," is simply an expression of the opinion and conclusion of the plaintiff. There is no specific fact alleged therein except the refusal of the defendant to deliver to the plaintiff $2,400 of war bonds, made payable to Charles H. or Mildred W. Haskins. The allegation as to the appropriation of these bonds does not constitute cruelty or desertion.

Paragraph 6 does not allege the time or place of the general misconduct charged against the defendant. It does not state how she harassed him, the nature of the "articles" she threw at him, nor the date when he left the defendant. There is no definite fact of time, place, or means averred. The allegations are so general that the defendant would be placed at great difficulty and disadvantage in meeting them upon a trial.

We are of opinion that the court did not err in sustaining the demurrer of the defendant. She was entitled to know the specific charges against her, and this information the bill of complaint did not furnish.

We come next to the refusal of the trial court to allow the plaintiff to file his amended bill on January 14, 1946, seventeen days after the demurrer had been sustained by decree of December 28, 1945, more than 15 days after the decree of December 28, 1945, and 9 days after the December, 1945, term of court had ended.

The last sentence of Virginia Code, 1942 (Michie), section 5962a reads: "All judgments or decrees entered during any term of the court shall become final at the end of the term or at the expiration of fifteen days after their rendition, whichever shall first happen." (Acts 1926, page 751; Acts 1932, page 766; Acts 1934, page 506; Acts 1936, page 302).

At common law, judgments did not become final until the end of the term. But this common law rule has been modified in Virginia by the above statute first enacted by the General Assembly in 1926.

In discussing the language of the statute and the reasons for its enactment, Mr. Justice Hudgins, in *Carney* v. *Poindexter*, 170 Va. 233, 238, 196 S. E. 639, said: "This language is clear and explicit. It fixes with no uncertainty the time in which all judgments or decrees shall become final."

 The statute, as we view it, is clearly applicable and controlling. Under it the jurisdiction of the court is controlled, limited, and confined. Since its enactment in 1926, all judgments or decrees entered during any term of the court "become final at the end of the term or at the expiration of fifteen days after their rendition, whichever shall first happen," regardless of how much longer the term lasts. The court's absolute power to change or amend any such judgment or decree falls with the finality of the judgment or decree.

Prior decisions of this court are fully in accord with the rule established by the statute.

In *Winston* v. *Winston*, 144 Va. 848, 130 S. E. 784, decided 1925, where a demurrer was sustained on October 6, 1922, with leave to file an amended bill in thirty days, Judge Holt, now Mr. Chief Justice Holt, said:

"The decree of October 6, 1922, at the end of thirty days from its date became final. Within that time an amended bill might have been filed but not afterwards; and the finality of that decree is not affected by the fact that the court was called upon afterwards to determine if its conditions had been complied with."

In *Gimbert* v. *Norfolk So. R. Co.* (1929), 152 Va. 684, 691, 148 S. E. 680, where a demurrer was sustained to a declaration, with leave to file an amended declaration in thirty days, the amended declaration was not filed in thirty days, and the trial court held that the judgment sustaining the demurrer was final, this court, after discussing the law and reviewing former cases, held:

"The only condition by which the plaintiff could have kept the cause alive was by filing an amended and valid declaration within thirty days, and that time having expired and the term of court ended, the case was finished, and the trial court had no further power over it."

In *Griffin* v. *Griffin* (1945), *supra,* a divorce suit, a demurrer to a bill was sustained, with leave to file an amended bill in sixty days. The amended bill was not filed within that time. The plaintiff, however, filed a second bill approximately a year later, praying for a divorce upon the same grounds as in the former suit. The defendant filed a plea of *res adjudicata* to the second bill. In the opinion of Mr. Justice Gregory, citing the earlier cases with approval, this court held the decree sustaining the demurrer to the original bill to be final.

In Virginia, by statute, Virginia Code, 1942 (Michie), section 6104, amendments in furtherance of justice are favored and liberally allowed. It is a general rule in the absence of statute, that the matter of allowing amendments to pleadings and the time within which they may be filed rests largely in the discretion of the court, under the circumstances of the particular case. But the time within which amendments may be allowed is confined to the time within which the court has jurisdiction over the case. In other words, the right of a court to allow an amendment exists only to the extent and in respect of its jurisdiction over the case. When its jurisdiction ends, it can exercise neither discretion nor authority. It matters not whether the attempt to amend be made one day or a century after the court has reached the finality of its jurisdiction. Good cause for the delay can not confer jurisdiction where jurisdiction has ceased.

In the present case, as we have seen, the December, 1945, term ended on January 5, 1946. Seventeen days had passed after the entry of the decree on December 28, 1945, before the plaintiff presented his amended bill. January 14, 1946, was five days subsequent to the expiration of the time limit set for its filing under a decree which had become final.

*Thacker* v. *Hubard & Appleby*, 122 Va. 379, 94 S. E. 929, 21 A. L. R. 414, and *Hudgins* v. *Hudgins*, 181 Va. 81, 23 S. E. (2d) 774, are not in point.

In *Thacker* v. *Hubard & Appleby, supra,* the case fully remained on the docket and in the power and jurisdiction of the court, and the question was whether to allow the defendant to plead the demurrer after delay.

In *Hudgins* v. *Hudgins, supra,* the record disclosed that the amended bill was filed within the time allowed.

The provisions of Virginia Code, 1942 (Michie), sections 5962 and 5962a, with respect to reading the order books in open court and signing by the judge, are directory, and do not go to the validity of the order.

██ A judgment is the determination by a court of the rights of the parties, as those rights presently exist, upon matters submitted to it in an action or proceeding. A written order or decree endorsed by the judge is but evidence of what the court has decided. The entry or recordation of such an instrument in an order book is the ministerial act of the clerk and does not constitute an integral part of the judgment. The order book is the recorded evidence of the court's decision. The signature of the judge to the record authenticates the record of the proceedings that have taken place. Judgments and decrees duly pronounced are entitled to record, and the failure of the judge to sign the record after their entry thereon is generally regarded as insufficient to impair their validity or effect. *Daley* v. *Commonwealth,* 132 Va. 621, 111 S. E. 111; *United States* v. *Stoller,* 180 F. 910; 30 Am. Jur., Judgments, section 93.

See also, *Shadrack* v. *Woolfolk,* 32 Gratt. (73 Va.) 707; *Weatherman* v. *Commonwealth,* 91 Va. 796, 22 S. E. 349; and *Manson* v. *Rawlings,* 112 Va. 384, 71 S. E. 564.

For the foregoing reasons, we are of opinion to affirm the decrees complained of.

*Affirmed.*