## CORPORATION COURT OF THE CITY OF RADFORD

Bertha Ellen Likens Gordon

v.

William Guy Gordon

March 10, 1953

By JUDGE F. L. HOBACK

This cause is now before the Court on the right of the Respondent to file an Answer, Defensive Pleadings, and Cross Bill, said pleadings having been served on the Complainant November 11, 1952. The Complainant has filed a Plea in Abatement to said Answer, Defensive Pleadings and Cross Bill wherein it is asserted that said Answer, Defensive Pleadings and Cross Bill were not filed within twenty-one days after service on the Respondent of a copy of the original Bill of Complaint in this cause. In addition, the Complainant has filed a replication to said pleadings, but, of course, the Plea in Abatement must be considered first. The Respondent has likewise filed herein a Petition for Rehearing wherein the Respondent takes the position that if the Answer, Defensive Pleadings and Cross Bill are not proper, that it be considered as a part of the Petition for Rehearing. Both Counsel for the Complainant and the Respondent have filed Briefs in support of their respective positions.

The facts, insofar as they are material to the issue in question, reveal that the Complainant filed her Bill for a divorce a mensa et thoro in this Court on October 13, 1951, process was duly personally served on the Respondent on October 15, 1951, together with a copy of the Bill of Complaint, Notice was likewise personally served upon the Respondent on October 15, 1951, that on October 22, 1951, application would be made for preliminary Counsel fees and Court costs; on October 15, 1951, Notice was

personally served on the Respondent that depositions would be taken on behalf of the Complainant on November 8, 1951; on November 9, 1951, another Notice was personally served on the Respondent that on November 12, 1951, the Complainant would apply to the Court for preliminary Counsel fees and Court costs; and on said date a Decree was entered directing the Respondent to pay $50.00 as preliminary attorneys fees and $20.00 as preliminary suit money.

Insofar as the record shows, the Respondent made no appearance in response to any of these Notices and did not file any Answer or other pleadings and did not attend the taking of the Depositions, which were taken pursuant to Notice and filed in the Clerk's Office of this Court on December 10, 1951. Moreover, on December 10, 1951, a Decree was entered by the late Judge T. L. Keister granting a divorce a mensa et thoro to the Complainant upon the grounds of cruelty and desertion commencing on March 31, 1951, and in this Decree the property rights "of the one party in and to that of the other party" were extinguished. In this Decree the Court directed that the cause be continued on the docket with leave for the Complainant, in the event of no reconciliation, to merge the Decree of divorce a mensa et thoro into a Decree a vinculo matrimonii.

Insofar as the record shows, the Respondent made no appearance, filed no pleadings until November 11, 1952, when a copy of the Answer, Defensive Pleadings and Cross Bill was served on the Complainant. This was more than one year after the original Bill of Complaint was served on the Respondent and almost a year after the Decree granting the divorce a mensa et thoro was entered on December 10, 1951.

The Rules of Court as promulgated by the Supreme Court of Appeals provide under Rule 2:7 that "A defendant may within twenty-one (21) days after service on him of the subpoena file in the clerk's office his pleadings in response."

Rule 2:8 provides that: "If a defendant fails to file a pleading within twenty-one (21) days after service on him of the subpoena, the cause is set for hearing and docketed as to such defendant upon the bill taken for confessed as to him.

In suits for annulling a marriage or for divorce, however, the bill is not taken for confessed.

The Rule does not recite, however, that the cause shall not be set for hearing and docketed in a divorce suit.

Rule 2:13 provides that: "A Defendant may file in the clerk's office, within twenty-one (21) days after service on him of the subpoena, or thereafter by leave of court, a cross-bill which seeks relief against the plaintiff but not against other defendants or third parties." etc.

Rule 2:23 provides that: "The time allowed for filing pleadings may be extended by the court in its discretion, and such extension may be granted though the time fixed has already expired;" etc.

At no time prior to the entry of the Decree of December 10, 1951, did the Respondent appear asking leave for additional time within which to file any kind of pleadings, Answers, or the like, although the said Respondent was personally served with Notices as hereinbefore recited.

Rule 1:9 specifically recites that: "All final judgments, orders and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified or vacated for twenty-one (21) days after the date of entry, and no longer." This same Rule appears under the equity provision of the Rules in *Rule* 2:22.

In addition, Section 17-31 of the Code provides that "All judgments or decrees entered during any term of the court shall become final at the end of the term or at the expiration of fifteen days after their rendition, whichever period shall first happen." This Section of the Code was construed in the divorce suit of *Haskins* v. *Haskins*, 185 Va. 1001, 41 S.E.2d 25 (1947), and the Court held in this case that the jurisdiction of the Court was limited by the Statute in question and the Court's absolute power to change or amend any judgment or decree falls with the finality of the judgment or decree.

The Decree that was entered on December 10, 1951, was clearly an appealable decree as it granted to the Complainant the relief which had been sought in the original Bill of Complaint, namely: a divorce a mensa et thoro, and it also established the property rights of the husband

and wife, which power the Court was clearly given under Section 20-107 of the Code and which the Complainant also asked for in the prayer of the Bill of Complaint, namely: "that there be a settlement of property rights," and as to which request the Respondent clearly had personal notice.

It is contended, however, by the Respondent that the Decree a mensa et thoro was not a final decree and that the cause was continued on the docket of the Court. Said Decree, however, was a final decree insofar as the prayer of the original Bill of Complaint was concerned, and the cause was continued on the docket for the limited purpose set forth in the Decree itself, namely: "to move the Court at the proper time in the event no reconciliation takes place, or seems probable, to merge this Decree of divorce a mensa et thoro into a Decree a vinculo matrimonii." This power is also set forth in the Code under Section 20-121. However, as the Decree of December 10, 1951, did not provide for the custody of children, or for any alimony or support money, there could be no other purpose for the cause to remain on the docket than that of having the a mensa et thoro decree merged, at the proper time, into a Decree a vinculo matrimonii should no reconciliation take place, and further should the parties, either Complainant or Respondent, under the Statute ever be advised, to so Petition the Court. So far as was known at the time the Decree was entered, neither party might ever in the future ask for the merger.

It is well settled that divorce jurisdiction is statutory. See Code Section 20-96 and 6 Michie's Jurisprudence, page 320. This clearly differentiates a divorce suit from the ordinary suit in equity. The Court is granted power to either grant a permanent separation, divorce from bed and board, or a divorce from the bond of matrimony, and each is clearly shown to be a final decree. See Section 20-107 of the Code.

The powers to change a decree of divorce are set forth in Section 20-108, but are limited to provisions for the care, custody and maintenance of children, and in Section 20-109 to changing alimony. No Code Section is found which gives the Court the right to vacate or change a decree long since become final wherein the property rights of the parties were merely adjudicated and fixed

as being separate from any rights which either the husband or wife may have had in the property of the other by reason of the marital relation.

Counsel for the Respondent has indicated that one reason it is now desired to file the Answer, Defensive Pleadings, and Cross Bill, or Petition for Rehearing, is for the purpose of attempting to set up in the divorce suit a constructive trust on real estate which was then in the name of the Complainant alone. Even if there appeared any reason why a Petition for Rehearing should now be granted, and even if the Court possessed such power, such a problem could not be presented in this suit for divorce where the original Bill of Complaint did not contain any provisions as to this. While the Court can adjudicate the property rights of the parties in either a decree a mensa et thoro or a decree a vinculo matrimonii, the Court has no power under the divorce jurisdiction alone to set aside any particular property for either the wife or the husband, but can simply extinguish the rights that either may have by reason of the marital relation in the property of the other. See *Bray* v. *Landergren*, 161 Va. 699, 172 S.E. 252 (1934), 6 Michie's Jurisprudence, page 320.

Where a Petition to rehear is the appropriate pleading to file, it must be filed before the final decree. See *Lile's Equity Pleading and Practice* (Meade) Section 180 and Section 181. Furthermore, while there is no prescribed limit of time within which such a petition must be filed, nevertheless, "The complaining party may be denied relief where he has been guilty of laches in not bringing the error to the attention of the Court at an earlier stage of the proceeding, and particularly where, in the meantime, other persons have changed their position in reliance on the correctness of the proceedings, and the parties cannot be placed in statu quo." (*Lile's Equity Pleading and Practice* (Meade) Section 183.)

If for no other reason the relief sought by the Respondent should be denied because of the unexplained delay on the part of the Respondent in taking any action whatsoever in this Chancery cause prior to the time of the attempt to file the Answer, Defensive Pleadings, and Cross Bill, or Petition for Rehearing. No finality of any Chancery cause would ever take place if the course of the Respondent were followed.

The fact that the Decree entered by the Court did not dismiss the cause from the docket has no determining effect on the question of the finality of said Decree as that entirely depends on the nature of the Decree and the adjournment of the term. In fact, it is a customary practice in decrees granting a divorce a mensa et thoro to either continue the cause for the purpose of merger, or reserving the right to reinstate the cause. See *Lile's Equity Pleading and Practice* (Meade) Section 271 and Section 272.

It is the Court's opinion as hereinbefore stated that the Decree of December 10, 1951, was a final decree and an appealable decree insofar as the prayer of the Complainant is concerned in the original Bill of Complaint, as that decree granted all of the relief that was contemplated. See *Lile's Equity Pleading and Practice* (Meade) Section 173 and Section 174.

Therefore, for the reasons herein set forth, the Court is of the opinion that the Respondent cannot now file either his Answer, Defensive Pleadings and Cross Bill, or the Petition for Rehearing in this cause. The Decree of December 10, 1951, was entered by the late Judge T. L. Keister, who considered the matter at the time, including the Depositions filed before him, and there is no question raised as to the lack of jurisdiction of the Court. A Decree, therefore, may be prepared for entry denying the Respondent the right to file such pleadings.