**Ocie RIVERS, Plaintiff,**

v.

**NORFOLK, BALTIMORE & CAROLINA LINE, INC., Defendant.**

**Civ. A. No. 3784.**

United States District Court
E. D. Virginia,
Norfolk Division.

Nov. 6, 1962.

Sidney H. Kelsey, Norfolk, Va., for plaintiff.

Parsons, Stant & Parsons, and J. Carroll Fears, Jr., Norfolk, Va., for defendant.

WALTER E. HOFFMAN, Chief Judge.

What effect does a final judgment of a Virginia state court of competent jurisdiction have on the rights of the plaintiff, who instituted his state court action alleging that he was a longshoreman and which action was dismissed for lack of jurisdiction and with prejudice, to now maintain a Jones Act suit in the federal court by alleging that he was a seaman?

On October 11, 1960, plaintiff filed an action in the state court claiming damages for personal injuries sustained on August 28, 1959, while allegedly working as a longshoreman aboard a vessel owned by the defendant. Promptly and properly the defendant filed a demurrer and plea in abatement, pointing out that plaintiff's exclusive remedy was under the Longshoremen's and Harbor Workers' Act, 33 U.S.C.A. § 905. As a longshoreman this was admittedly his sole and exclusive remedy unless the employer had failed to cause the payment of compensation benefits under the Act. If he was a seaman, the Compensation Act was inapplicable.

The Virginia law permits a plaintiff to take a non-suit at any time prior to the retirement of the jury to consider of its verdict, or before the case is submitted to the court for decision. Code of Virginia, 1950, § 8–220. The privilege of a voluntary dismissal, without prejudice, is absolute and, unlike the federal system, is not within the discretion of the court. No request for non-suit or voluntary dismissal was made by the plaintiff.

On January 16, 1961, the state court entered the following order, endorsed by counsel with an objection noted by plaintiff's attorney:

"This cause came on this day to be heard upon a Demurrer and a Plea in Abatement formerly filed, and it appearing to the Court that the plaintiff is subject to and under the provisions of Section 905, Title 33, U.S. C.A., and it further appearing to the Court that under the Statute aforementioned, the plaintiff's sole remedy is within that Act, known as the Longshoremen and Harbor Workers' Act, and that the Commissioner appointed to hear such claims has sole and exclusive jurisdiction to adjust any alleged rights which might have accrued to the plaintiff as a result of the injuries which he alleged in his Motion for Judgment, it is hereby

"ORDERED, ADJUDGED and DECREED that this action be dismissed for lack of jurisdiction, such action of the Court is taken with prejudice to the plaintiff."

It is now stipulated by counsel that no testimony of the parties or witnesses was ever heard in the action brought by the plaintiff in the state court.

No appeal was taken from the final judgment dated January 16, 1961, and the term of court has long since expired. There is no suggestion that the plaintiff or his counsel ever requested leave to file an amended motion for judgment in the state court; the liberality of amendment being fixed by statute, Code of Virginia, 1950, § 8–120, providing that when a demurrer has been sustained with leave to

285

amend, the demurree shall not be deemed to have waived his right to stand upon his pleading before the amendment, provided the order of court shows that he objected to the ruling of the court sustaining the demurrer. Counsel for plaintiff did note his written objection to the final order which effectively sustained the demurrer and dismissed the action for lack of jurisdiction and with prejudice to the plaintiff. Thus, plaintiff could have amended his motion for judgment filed in the state court wherein he alleged that he was a longshoreman; he would have been permitted to allege that he was a seaman and, on appeal, could have insisted that he was a longshoreman.

On December 12, 1961—some eleven months after the entry of the final judgment in the state court—plaintiff filed this action in the federal court. In all material allegations the complaint filed in the federal court and the motion for judgment filed in the state court are identical except that (1) the amount sued for was greater in the federal court, (2) libellant here relies upon the Jones Act, and (3) libellant now characterizes himself as a "seaman."

The parties are the same in both actions. We turn then to the question as to whether the state court's final judgment dismissing the case for lack of jurisdiction constitutes a bar to the present federal court action under the doctrine of res judicata.

Plaintiff contends that the only effect of the state court judgment is to preclude him from again instituting an action "as a longshoreman" against the same defendant. The Court disagrees with this argument as to the limited effect of the state court judgment.

Aside from the stipulation that no actual testimony was presented in the state court, it is apparent that certain findings had to be made, either from the pleadings or admissions of counsel or both, in order that the state court could dismiss on the grounds asserted in the order. As we view the situation in retrospect, the state court was required to find (1) that plaintiff was a longshoreman, (2) that he was

employed by the defendant at the time and place of his injury, and (3) that compensation benefits were paid by the defendant or its insurance carrier pursuant to the Longshoremen's and Harbor Workers' Act. It should be noted that a longshoreman has a legal right to sue his employer for damages arising out of his employment if the employer fails to secure the payment of compensation as required by the Act. 33 U.S.C. § 905. Therefore, it was necessary for the state court to determine the essential elements aforesaid in order to dismiss the action.

We do not know what statements, if any, were made to the state court at or before the entry of the order of January 16, 1961. The validity and regularity of the order is presumed. Certainly the court had jurisdiction to determine the foregoing essential elements.

It is a well-settled principle of law that, as a general rule, a dismissal for lack of jurisdiction is not ordinarily res judicata as a final decision upon the merits which would preclude a subsequent action predicated upon the same basic facts, but on new grounds. Swift v. McPherson, 232 U.S. 51, 34 S.Ct. 239, 58 L.Ed. 499; Smith v. McNeal, 109 U.S. 426, 3 S.Ct. 319, 27 L.Ed. 986; Hughes v. United States, 4 Wall. 232, 71 U.S. 232, 18 L.Ed. 303. These are examples of the action being dismissed by reason of purely formal defects. They are not material in considering the recognized exception to the general rule as set forth in 49 A.L.R. (2d) 1036, 1068, as follows:

"In some situations a decision on the jurisdiction of a court may depend upon questions of fact which are also material in determining the merits of the cause of action. The weight of the cases, expressly or by inference, supports the rule that where a question of fact material to the merits has been decided by and is essential to a judgment for defendant based on lack of jurisdiction, such determination is conclusive upon the parties in a subsequent action either for the same or a different cause of action."

To the same effect is 17 Am.Jur., "Dismissal, Discontinuance and Non-suit," § 96, p. 166.

Perhaps the leading authority on the exception above stated is Land v. Dollar, 330 U.S. 731, 67 S.Ct. 1009, 91 L.Ed. 1209 where the Supreme Court pointed out that there are certain cases in which the question of jurisdiction is dependent on a decision of the merits, and said finally (330 U.S. 739, 67 S.Ct. 1013):

"We intimate no opinion on the merits of the controversy. We only hold that the District Court has jurisdiction to determine its jurisdiction by proceeding to a decision on the merits."

■ Even though there may be facts material to a decision on the merits which are determined in the course of a court's decision on jurisdiction, such facts will not be tantamount to res judicata in a subsequent action *unless they are essential to the court's finding of jurisdiction or lack of same.*

■ We are not here dealing with a final judgment of dismissal based upon immaterial facts. The express finding by the state court that Rivers was "subject to and under the provisions of Section 905, Title 33, U.S.C.A." is certainly a finding that Rivers was not "A master or member of a crew of any vessel, nor any person engaged by the master to load or unload or repair any small vessel under eighteen tons net." 33 U.S.C. § 903. The statute expressly excludes seamen from any rights to compensation under the Act. Secondly, the state court's order is a finding that Rivers was an employee and defendant was an employer, that the disability resulted from an injury occurring upon the navigable waters of the United States (including any dry docks), and that recovery for disability could not validly be provided by state law. 33 U. S.C. § 903. The plaintiff's motion for judgment in the state court, while not specifically stating that plaintiff was employed by defendant, does allege that plaintiff was a "longshoreman" and was injured while working on a vessel owned and operated by defendant, while the vessel was docked in waters which are recognized as navigable waters of the United States. Lastly, the express finding by the state court that Rivers' "sole remedy is within that Act, known as the Longshoremen—and Harbor Workers' Act" necessarily precludes any consideration of plaintiff's status as a seaman—seamen being expressly excepted from the provisions of the Act—and is a further finding that the defendant-employer secured payment of compensation to plaintiff as required by the Act. Indeed, unless compensation payments were paid to plaintiff, there is a clear right of action even though the plaintiff is a longshoreman.

Very much in point is Larsen v. The M/V Teal, D.C., 193 F.Supp. 508, where plaintiff initially filed an *in personam* action against his employer, the owner of a scow. Subsequent to the dismissal of this action because of the Longshoremen's and Harbor Workers' Compensation Act, an *in rem* action was filed alleging that libellant was a seaman. The court held that libellant was estopped from claiming rights under the Jones Act as a seaman. While it is true that, as appears from the opinion in Larsen, it was "stipulated by counsel in open court that plaintiff at the time in question was a longshoreman and not a seaman." nevertheless the same essential elements were required as a finding by the state court in the present litigation. Facts admitted by the pleadings and oral statements of counsel may properly form the basis of findings by a court which are essential to a determination of jurisdiction.

■ Plaintiff argues that the state court ruling was on defendant's demurrer to the motion for judgment which, it is contended, does not constitute a judgment on the merits. The law in Virginia is to the contrary wherever the judgment on the demurrer involves the merits. Burks Pleading & Practice, 4th Ed., § 215, where it is said:

"If the ruling on the demurrer to a declaration involves the merits of the

cause so as to preclude a recovery on the facts stated, the judgment is final and bars recovery not only in that action, but in any other based on the same facts. A judgment on demurrer involving the merits is as conclusive as one rendered on the proof. Facts may be admitted as well by the pleadings as by evidence."

In Virginia the authorities are uniform to the effect that a demurrer goes to the heart of the case and, if sustained, it is a decision on the merits. Griffin v. Griffin, 183 Va. 443, 32 S.E.2d 700; Haskins v. Haskins, 185 Va. 1001, 41 S.E.2d 25; Gimbert v. Norfolk Southern R. Co., 152 Va. 684, 148 S.E. 680. Thus it will be seen that where the merits of the case are actually reached by a demurrer, a judgment rendered thereon has the effect of a judgment on the merits where there has been no amendment sought or appeal noted.

██ The addition of the words "with prejudice" as contained in the state court final judgment adds nothing to the conclusiveness of the judgment. It may be argued that these words strengthen the argument that the determination by the state court constituted res judicata; but this court assumes that nothing was paid by way of settlement and that the only monetary consideration was the payment of benefits under the Longshoremen's and Harbor Workers' Compensation Act. Authorities relied upon by the plaintiff are inapposite. Dismissal for defect in the pleadings, Panaview Door & Window Co. v. Van Ness, D.C., 135 F.Supp. 253, or for lack of jurisdictional amount in a diversity action, Wade v. Rogala, 3 Cir., 270 F.2d 280, do not constitute res judicata. Similarly, if the court is not empowered to grant the relief whatever the merits may be, it could not possibly decide what the merits were. Murray v. City of Pocatello, 226 U.S. 318, 23 S.Ct. 107, 57 L.Ed. 239. In the present case Rivers, suing as a longshoreman, was entitled to maintain his action in the state court *if* the employer failed to secure to him the payment of compensation under the Longshoremen's and Harbor Workers' Compensation Act. There was no inherent defect in the power of the state court to grant relief.

Treating defendant's first affirmative defense as a motion for summary judgment on the pleadings, and adopting this memorandum in lieu of specific findings of fact and conclusions of law, the motion for summary judgment is sustained.

An order will be entered upon presentation, after endorsement by counsel, dismissing the action with costs.