## CIRCUIT COURT OF CHESTERFIELD COUNTY

Hartsook

v.

Hartsook

August 10, 1989

Case No. (Chancery) 89-543

## By JUDGE WILLIAM R. SHELTON

It would appear that there are presently two issues before the Court in the above-referenced case, the first being the defendant's demurrer to the Bill of Complaint and the second being the question of which Court should have jurisdiction over the payroll deduction request.

As to the first issue, the Court sustains the demurrer. The only allegation in the Bill of Complaint which is not a conclusion of law or an opinion is that the defendant has "assaulted [the plaintiff] verbally on numerous occasions." (Para. 6). This allegation is far too vague to state a cause of action for a divorce on the grounds of constructive desertion.

The Virginia Supreme Court in *Haskins v. Haskins*, 185 Va. 1001 (1947), held that a demurrer should be sustained where there was "no definite fact of time, place, or means averred" to support the conclusion that the defendant "harassed" the plaintiff and had "continually thrown articles" at him. *Id.* at 1007.

In the instant case, as in *Haskins*, the defendant has the right to know the specific charges against him in order to answer those charges. Va. Code Section 8.01-271.1 provides that an attorney is liable for sanctions if he makes a representation in a pleading that is not "well grounded in fact." Therefore, it is imperative that

the Bill of Complaint recite facts specific enough for the defendant's admission or denial to be "well grounded in fact."

As to the question of which Court should consider the request for payroll deduction, the Court feels that this matter should properly be brought before the Juvenile and Domestic Relations Court. Va. Code Section 16.1-244 provides that unless a conflicting order is issued by the Circuit Court, the lower Court has the authority to enforce its previous orders. A payroll deduction is an enforcement mechanism, thus, the matter can properly be brought before that lower Court.

Ms. Miller will draft and circulate an Order reflecting these rulings. Plaintiff will have ten days from the date of entry of that Order to file an amended bill of complaint.