## CIRCUIT COURT OF FAIRFAX COUNTY

Kerr Contracting Corp.

v.

Coen Company et al.

September 24, 1991

Case No. (Law) 96232

By JUDGE JOHANNA L. FITZPATRICK

This matter is before the Court on the motions of the Defendant/Counter-Claimant, Coen Company, to quash service of process on Plaintiff's (Kerr Contracting Corp.) second amended motion for judgment; and Plaintiff's motion for leave to file Cross-Claim and Third Party Motion for Judgment. I have carefully reviewed the pleadings, motions and applicable authority, as well as the briefs and arguments of counsel. For the reasons set forth below, Defendant's motion to quash service of process is granted; and Plaintiff's (Kerr Contracting Co.) motion for leave to file Cross-Claim and Third Party Motion for Judgment is denied.

This Court entered an order on July 30, 1991, sustaining the Demurrer which had been filed to Plaintiff's Amended Motion For Judgment. As indicated in that order, the demurrer was sustained on the basis that the Plaintiff had failed to plead the conditions precedent to the filing of Counts I and II of the Amended Motion for Judgment as required by § 8.2-607 of the Code of Virginia. The Court granted Plaintiff leave to file a Second Amended Motion For Judgment within five days of the entry of the order sustaining the demurrer. Plaintiff failed to file their

Second Amended Motion For Judgment until August 7, 1991, and as such, was not timely filed. In addition, the Plaintiff did not make any motion or petition to modify, vacate or suspend the Court's order of July 30, 1991, within twenty-one days. Under Rule 1:1 of the Rules of the Supreme Court of Virginia:

> [a]ll final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer.

Under controlling case law, an entry of an order sustaining a demurrer with leave to file an amended pleading within a fixed period of time becomes final if the amended pleading is not filed within the time required by the order. In *Winston v. Winston*, 144 Va. 848, 130 S.E. 784 (1925), the trial court sustained a demurrer with leave to file an amended bill within thirty days. On appeal, the Court held that the order sustaining the demurrer "at the end of thirty days from its date became final. Within that time an amended bill might have been filed but not afterwards." *Cited with approval in Haskins v. Haskins*, 185 Va. 1001, 1010 (1947); *see also Gimbert v. Norfolk So. R. Co.*, 152 Va. 684, 691 (1929).

Plaintiff's reliance on *Baber v. Page*, 137 Va. 489 (1923), is misplaced under the facts of this case. In *Baber*, the trial court's order sustaining the demurrer granted leave to the "plaintiff to amend if he be so advised." *id.* at 490. There being no fixed time limit specified in the order for plaintiff to amend, it was held not to be a final order. In *Bibber v. McCreary*, 194 Va. 394, 397 (1952), the Court held:

> The trial court, in the exercise of its discretion, may permit a litigant to amend his motion for judgment, and impose such terms and conditions as may be reasonable and proper, and if the litigant fails to comply with the conditions within the time specified, he is barred from further prosecution of the same cause, against the same parties. *Griffin v. Griffin*, 183 Va. 443, 32

S.E.2d 700; *Gimbert v. Norfolk Southern R. Co.*, 152 Va. 684, 148 S.E. 680.

*See also* Rule 1:8 of Rules of Virginia Supreme Court.

The Court finds that the order of July 30, 1991, was a final order, and that pursuant to Rule 1:1, it could not be modified, vacated or suspended by this court after twenty-one days. "[T]he time within which amendments may be allowed is confined to the time within which the court has jurisdiction over the case . . . . When its jurisdiction ends, it can exercise neither discretion nor authority." *Haskins v. Haskins*, 185 Va. 1001, 1011 (1947). Therefore, Defendant's motion to quash service of process on the "Second Amended" motion for judgment is granted.

The Defendants have asserted that the doctrine of res judicata should be invoked to bar the Plaintiff from any subsequent litigation arising from this cause of action, based solely upon the order of July 30, 1991, sustaining the demurrer. The Defendants' have misconstrued the nature of that order, and as a result have mistakenly asserted that the doctrine of res judicata should be applied to the circumstances of this case. The Supreme Court of Virginia in *Griffin v. Griffin*, 183 Va. 443, 452, 32 S.E.2d 700, 703 (1945), delineated the policy for the proper application of res judicata:

> The Doctrine of res judicata may be said to inhere in the legal systems of all civilized nations as an obvious rule of expediency, justice, and public tranquility. Public policy and the interests of litigants alike require that there be an end to litigation which, without the doctrine of res judicata, would be endless. The doctrine of res judicata rests upon the ground that the party to be affected . . . has litigated, or had an opportunity to litigate, the same matter in a former action in a court of competent jurisdiction, and should not be permitted to litigate it again to the harassment and vexation of his opponent. *Quoting* 30 Am. Jur., *Judgments*, sec. 165.

Upon consideration of the purpose of the doctrine of res judicata, as voiced in *Griffin, supra*, the Court finds that the doctrine should not be applied in this case based on the order of July 30, 1991, sustaining the demurrer filed by defendant International Boiler Works. The order of July 30, 1991, expressly states that the demurrer was sustained on the basis "that Kerr failed to plead the conditions precedent to filing Counts I and II of the Amended Motion for Judgment as required by Section 8.2-607 of the Code of Virginia." This was the Defendant's basis for their demurrer and under § 8.01-273(A) "No grounds other than those stated specifically in the demurrer shall be considered by the court." Therefore, the Court finds that the order of July 30, 1991, was not a decision on the merits. It was not an order sustaining what has been historically referred to as a general demurrer, which has been held to be a decision on the merits. *See Brunner v. Cook*, 134 Va. 266, 272 (1922). Rather, the order sustaining the demurrer was based on a condition precedent required under our Commercial Code; which simply stayed the maturing of Kerr's action until the conditions precedent have been satisfied and properly pleaded.

In *Rivers v. Norfolk, Baltimore & Carolina Line, Inc.*, 210 F.Supp. 283 (E.D. Va. 1962), a case which was cited by both the Plaintiff and the Defendant in support of their respective positions on the issue of res judicata, the U.S. District Court stated the general rule which should be applied to actions dismissed by reason of purely formal defects:

> It is a well-settled principle of law that, as a general rule, a dismissal for lack of jurisdiction is not ordinarily res judicata as a final decision upon the merits which would preclude a subsequent action predicated upon the same basic facts, but on new grounds. *Swift v. McPherson*, 232 U.S. 51, 34 S. Ct. 239, 58 L. Ed. 499; *Smith v. McNeal*, 109 U.S. 426, 3 S. Ct. 319, 27 L. Ed. 986; *Hughes v. United States*, 4 Wall. 232, 71 U.S. 232, 18 L. Ed. 303. *Id*. at 285.

The Court finds that a decision on the merits has not been rendered in this cause, and therefore, Plaintiff (Kerr Contracting Co.) is not barred by the doctrine of res judicata as to any future action at law that they may choose to pursue. However, the Court in the exercise of its discretion denies Plaintiff's motion for leave to file a Cross-Claim and Third Party Motion for Judgment based on the propinquity of the November 18, 1991, trial date. The case shall proceed to trial as presently structured, unless a settlement between the parties is achieved.

In addition, the Court has reviewed *in camera* the bid preparation materials submitted by Kerr Contracting Company pursuant to the Attorney General's discovery motion. The Court finds that these materials do not reveal significant proprietary information and that same is properly discoverable. These materials are to be made available for inspection and copying by the Attorney General in Mr. Arnold's offices at a mutually agreed upon date and time. Any costs associated with the photostatic copying of these materials shall be the responsibility of the Attorney General.