79 N.J. Super. 411 (1963)
191 A.2d 775
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ALLEN JOSEPHS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 20, 1963.
Decided June 10, 1963.
*413 Before Judges CONFORD, GAULKIN and KILKENNY.
Mr. Louis Santorf argued the cause for the defendant.
Mr. John K. Walsh, Assistant Prosecutor, argued the cause for plaintiff (Mr. Guy W. Calissi, Bergen County Prosecutor, attorney).
*414 The opinion of the court was delivered by GAULKIN, J.A.D.
Defendant appeals, pursuant to leave granted, from an order denying his motion to quash an indictment.
The indictment charges him, in two counts, with larceny, contrary to N.J.S. 2A:119-2, from one Ratti. The amount alleged in the first count to have been taken is $56; in the second count, $41. The basis of the motion to quash was that, prior to the return of the indictment, two separate complaints, charging the identical offenses, had been filed in the Fair Lawn Municipal Court; warrants were issued on said complaints, upon which defendant was arrested; he pleaded not guilty, and signed a waiver of indictment and trial by jury pursuant to N.J.S. 2A:8-22; the magistrate was a lawyer and had jurisdiction to try the offenses; the waiver was signed with the knowledge and consent of the prosecutor of Bergen County; the case was set down for trial in the municipal court on April 9, 1962; on April 6, 1962 the indictment was returned and, upon direction of the prosecutor, the magistrate put off the trial of the cases pending the trial of the indictment.
Defendant agrees that jeopardy did not attach, so cases like State v. Dixon, 40 N.J. 180, and State v. Labato, 7 N.J. 137 (1941), do not apply.
Defendant does not argue that after the municipal court had effectively obtained jurisdiction by defendant's signing a waiver, the grand jury no longer had jurisdiction to indict; nor could he. The grand jury has jurisdiction over all indictable offenses committed in the county, and, unless jeopardy has attached, it can not be ousted of such jurisdiction by the action of a municipal court.
A grand jury may indict for an offense for which a grand jury of another county has already indicted. Similarly, a grand jury may indict a defendant for an offense even though it previously indicted defendant for a component part of the offense, or even for the same offense (the superseding indictment), and this even if the defendant has been arrested *415 under the previous indictment, pleaded not guilty, and a trial date has been fixed. In such cases the Superior Court may stay one indictment until the other is tried, or consolidate the indictments returned in one county for trial, or compel the prosecutor to elect as to which of such indictments he would pursue, or take such other steps as justice requires; but there is no rule that the first indictment bars future indictments, or must be tried first. A fortiori, this applies to complaints in a municipal court. Until jeopardy has attached, the grand jury may ignore such complaints.
Furthermore, subject to law and the action of the grand jury, the prosecutor has exclusive jurisdiction over the prosecution of crimes committed in the county. N.J.S. 2A:158-4; State v. Winne, 12 N.J. 152 (1953). The prosecutor has the right to present such matters to the grand jury even though a complaint is already pending in a municipal court, and even if he approved or directed the filing of that complaint, and, if the grand jury indicts, he has the right (subject to the direction of the Superior Court) to try the indictment first.
The need for and the public policy served by such power in the grand jury and the prosecutor are obvious. See State v. Dixon, supra; State v. Labato, supra. L. 1957, c. 55, § 1, amending N.J.S. 2A:8-22, made it mandatory for the magistrate to accept a waiver. Therefore, if the grand jury and the prosecutor did not have the power above mentioned, a defendant could avoid indictment whenever a complaint was filed against him in a municipal court, for the same or an included offense, merely by filing a waiver; and very many criminal prosecutions begin with the filing of a complaint in a municipal court.
It may be suggested that L. 1957, c. 55, supra, gives the magistrate exclusive jurisdiction after the defendant files the waiver prescribed by N.J.S. 2A:8-22, but that is not so. L. 1957, c. 55, was passed in response to a presentment by the Monmouth County grand jury dated January 2, 1957, which complained that magistrates were refusing to accept waivers *416 without just cause, with the result that many minor cases were being sent to the grand jury which the magistrates should have tried. The effect of L. 1957, c. 55, is to compel the magistrate to accept jurisdiction and try the case when the defendant waives, but the statute has no effect on the powers of the grand jury or the prosecutor.
Finally, defendant argues, in the alternative, that once a court obtains jurisdiction to try an offense, the matter must be tried in that court without regard to the subsequent attachment of jurisdiction in another court; or, as a matter of orderly procedure and comity between courts, the magistrate should have been permitted to proceed with the trial in this case. No New Jersey case is cited for the first alternative mentioned, and we do not regard it as supported by our criminal practice statutes and rules of court.
It is true that in the exercise of its discretion and for just cause the Superior Court may say which case should be tried first, but the defendant did not ask for that here. He asked that the indictment be quashed, and to that he was not entitled. Furthermore, there is nothing in the facts in this case which would have justified the ordering of the trial of the complaints in the municipal court first, against the will of the prosecutor.
The judgment is affirmed.