**JOSEPHSON'S NATIONAL BAR REVIEW CENTERS, INC., et al.,
Plaintiffs,**

v.

**NEXUS CORPORATION, an Illinois corporation, et al., Defendants.**

No. 72 C 1444.

United States District Court,
N. D. Illinois.

June 7, 1973.

Davis, Miner & Barnhill, Chicago, Ill., Miller, Canfield, Paddock & Stone, Detroit, Mich., for plaintiffs.

Winston & Strawn, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the defendants' motion for summary judgment in their favor.

The plaintiff, Josephson's National Bar Review Centers, Inc. ("Josephson's"), is a Michigan corporation engaged in the business of preparing, distributing, leasing and selling written materials and lectures to persons preparing to take various state bar examinations. Such written materials and lectures are commonly referred to as "Bar Review Courses." The plaintiff Josephson's conducted Bar Review Courses in the State of Michigan and the State of Florida and was planning and attempting to organize a Bar Review Course to compete with the defendants in the State of Illinois and other states.

The defendants Nexus Corporation ("Nexus") and Bar Review, Inc. ("BRI") are Illinois corporations engaged in the business of conducting Bar Review Courses in the States of Arizona, Colorado, Connecticut, Illinois, Maryland, Missouri, Pennsylvania, Texas, Virginia and Wisconsin, and the District of Columbia, and are attempting to establish Bar Review Courses in many other states.

The defendants Richard J. Conviser, Lewis Collens and Beardsley Ruml are officers and directors of Nexus and BRI, and each is a stockholder of Nexus. Defendant Richard Groll is a resident of Illinois, an employee of defendants Nexus and BRI, an equitable shareholder of Nexus, and active in the management of both corporations.

The instant first amended complaint contains ten counts. Counts I through V claim a violation of the federal antitrust law in that the defendants allegedly attempted and actually monopolized the National Bar Review Course market and a number of state submarkets for Bar Review Courses in violation of Section 2 of the Sherman Act (15 U.S.C. § 2); allegedly substantially restrained interstate commerce in violation of Section 1 of the Sherman Act (15 U.S.C. § 1); and allegedly entered into contractual arrangements constituting violations of Section 3 of the Clayton Act (15 U.S.C. § 14) and Section 1 of the Sherman Act (15 U.S.C. § 1). Counts VI, VIII and IX claim a violation of the Illinois antitrust act, Chapter 38, Section 60–1 et seq. of the Illinois Revised Statutes. Count VII claims a violation of the Michigan anti-trust laws, Michigan Compiled Laws, Section 445.701 et seq. and Section 445.761 et seq., while Count X is an action for malicious prosecution of a civil action.

The defendants, in support of their motion for summary judgment on Counts I through IX of the plaintiff's amended complaint, contend that those counts are barred by this Court's prior ruling of February 7, 1972 in the case of Michigan Bar Review Centers, Inc. v. Nexus Corporation, No. 71 C 2474 (hereinafter "Michigan Bar").

The plaintiff, in opposition to the instant motion, contends that this Court's prior ruling does not have a *res judicata* effect on the instant action.

After the Michigan Bar case was dismissed by this Court, the plaintiff redrafted the complaint allegedly in light of this Court's ruling and filed it in the Eastern District of Michigan. Pursuant to defendants' motion the suit was transferred to the Northern District of Illinois and presently is the instant action

before this Court. The sole question raised by this motion is whether this Court's ruling in the Michigan Bar case was on the merits and thus a bar to the instant action.

The thrust of the defendants' theory of *res judicata* is that the prior ruling of this Court was on the merits. The basis for this contention is that the defendants' motion to dismiss, which was granted, was brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. However, it is clear from the plain language of this Court's *Memorandum Opinion and Order* of February 7, 1972 in the Michigan Bar case that the case was dismissed because of the lack of subject matter jurisdiction.

More specifically this Court dismissed the Michigan Bar case pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because the plaintiff failed to sufficiently allege facts upon which federal jurisdiction could be based.

█ Before this Court's previous dismissal can have any *res judicata* effect in the present action, it must be shown that the previous decision was made on the "merits". The term "merits" is defined as the real or substantial grounds of action or defense as distinguished from matters of practice, procedure, jurisdiction, or form. Clegg v. United States, 112 F.2d 886 (10th Cir. 1940); Fairmont Alum. Co. v. Commissioner, 222 F.2d 622 (4th Cir. 1955), cert. denied, 350 U.S. 838, 76 S.Ct. 76, 100 L.Ed. 748 (1955).

█ This Court's previous decision in the Michigan Bar case was based on in-sufficient allegations in the complaint to invoke jurisdiction under the federal anti-trust laws. It was not a decision which went to the substantive provisions of the federal anti-trust laws. In short, the prior ruling was not a decision on the merits. Thus, there could be no *res judicata* effect on the instant action.

This ruling is not novel. As early as 1866 the United States Supreme Court stated:

"In order that a judgment may constitute a bar to another suit, it must be rendered in a proceeding between the same parties or their privies, and the point of controversy must be the same in both cases, and must be determined on its merits. If the first suit was dismissed for defect of pleadings, or parties, or a misconception of the form or proceeding or the want of jurisdiction, or was disposed of on any ground which did not go to the merits of the action, the judgment rendered will prove no bar to another suit."

Hughes v. United States, 71 U.S. 232 (4 Wall. 232) 18 L.Ed. 303 (1866). See also Smith v. McNeal, 109 U.S. 426, 3 S.Ct. 319, 27 L.Ed. 986 (1866); Ripperger v. A. C. Allyn & Co., Inc., 37 F.Supp. 373, 374 (S.D.N.Y.1940), aff'd, 113 F.2d 332 (2nd Cir. 1940), cert. denied 311 U.S. 695, 61 S.Ct. 136, 85 L.Ed. 423 (1940).

It is clear to this Court that the instant motion claiming that this Court's prior ruling should be *res judicata* is not sufficient in and of itself to cause the instant amended complaint to be dismissed.*

Accordingly, it is hereby ordered that the defendants' motion for summary judgment is denied.

The plaintiff has made significant changes in the allegations of the instant amended complaint, e. g., an allegation concerning a National Bar Review market. Regardless of whether the plaintiff will eventually prevail on the merits or the amended complaint can be successfully attacked by another pre-trial motion, it is clear that the instant motion is inadequate to obtain the defendant's desired effect.

---

* The plaintiff, in support of its amended complaint, alleges that Counts VI through IX are not barred by *res judicata* because those counts are brought under state anti-trust laws and are not controlled by a prior judgment concerning the federal anti-trust law. Further, the plaintiff contends that those counts do not depend on the federal anti-trust law for jurisdiction; but, rather Counts VI through IX have an independent ground for jurisdiction, namely, diversity of citizenship.