UNITED STATES, Appellant,

v.

Clifford JOHNSON, Appellee.

No. 8597.

District of Columbia Court of Appeals.

Argued Nov. 12, 1974.

Decided Nov. 26, 1974.

Raymond J. Coughlan, Jr., Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty., John A. Terry, William M. Brodsky

and Joseph B. Valder, Asst. U. S. Attys., were on the brief, for appellant.

No appearance or brief filed on behalf of appellee.

Before KELLY, FICKLING and NEBEKER, Associate Judges.

NEBEKER, Associate Judge:

The sole issue on appeal is whether the fact that an indictment is pending prohibits a second grand jury from returning another indictment charging the same and an additional offense arising from the same incident. We find no such prohibition and therefore reverse.

On February 5, 1974, appellee was indicted (by a December 1973 grand jury) on one count of assault with a dangerous weapon and one count of carrying a dangerous weapon. When arraigned on February 19, 1974, he refused to enter a plea, arguing that he had previously pleaded not guilty to the offense of assault with a dangerous weapon in an earlier indictment (returned October 15, 1973, by an August 1973 grand jury), which charged only that offense. Appellee contended that he had a right to be tried under the first indictment. The court (Judge Thompson) heard argument on appellee's claim but ruled against him and directed entry of a plea of not guilty. The case was continued for trial and, on the government's motion, the earlier indictment was dismissed.

On the scheduled date of trial, March 22, 1974, appellee again raised and argued the same point before Judge Moultrie. On May 28, 1974, after considering appellee's written motion, Judge Moultrie dismissed the February indictment.[1] His written opinion stated:

While the original [October] indictment was pending trial, the first grand jury's

---

1. In footnote 1 of its memorandum opinion, the trial court stated:

    At the outset it should be noted that defendant's motion to dismiss the indictment is not because that indictment was based exclusively on a transcript of sworn testimony

before an earlier grand jury [which was, in fact, the case]. Indeed, that issue has apparently been settled in U. S. v. Wagoner, 313 A.2d 719 (D.C.App.1974). See also Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956).

non consideration of the charge [of] carrying a dangerous weapon, or its decision not to indict on that charge at all, was not subject to review by any other body, including under the circumstances of this case a second grand jury being prompted by the prosecuting attorney. [Footnote omitted.]

The government, citing Stirone v. United States, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed. 2d 252 (1960), concedes that neither the prosecutor nor the court has the power to amend an indictment by adding charges. Since the addition of the gun charge was to include a felony count (an information as to prior conviction was also filed; *see* D.C.Code 1973, § 23–111), grand jury action was required—the prosecutor could not have filed an information and moved to consolidate for trial under Superior Court Criminal Rule 105 as a related case. Here, however, no amendment of the first indictment occurred; rather, a second indictment was returned by another grand jury. Case law clearly has established that the decision to pursue this second indictment lay well within the prerogative of the government. *See* United States v. Thompson, 251 U.S. 407, 413–414, 40 S.Ct. 289, 64 L.Ed. 333 (1920); Ball v. United States, 163 U.S. 662, 672, 16 S.Ct. 1192, 41 L.Ed. 300 (1896); United States v. Haupt, 152 F.2d 771, 795 (7th Cir. 1945). *Cf.* United States v. Vaughn, D.C.App., 255 A.2d 483 (1969), where per Judge Fickling, a case previously ignored by a grand jury could be resubmitted to the grand jury or, in the government's option, be tried on an information. And it is axiomatic that, once returned, this valid second indictment was all that was required to call for trial of the charges on the merits. Costello v. United States, 350 U.S. 359, 363, 76 S.Ct. 406, 100 L.Ed. 397 (1956).

The fact that a prior indictment based on the same incident was still pending in no way debilitated the second indictment or barred those grand jury proceedings. This is true regardless of whether the prior grand jury refused to return a bill charging a given offense or simply did not consider that offense. *See* United States v. Bowles, 183 F.Supp. 237, 242–243 (D.Me. 1958)(citing cases). *See also* State v. Josephs, 79 N.J.Super. 411, 191 A.2d 775, 777 (1963). Thus, appellee's claim of a right to be tried under the first indictment is without merit. Greathouse v. State, 5 Md. App. 675, 249 A.2d 207, 214 (1969). We note that Super.Ct.Crim.R. 105(b)(1) contemplates a superseding indictment in just these circumstances.

For the reasons stated, the order of May 9, 1974, dismissing the February 5, 1974 indictment against appellee, is hereby reversed and the case is remanded with instructions to reinstate the second indictment.

So ordered.