366 A.2d 457 (1976)
George F. WASHINGTON, a/k/a Michael C. Washington, Appellant,
v.
UNITED STATES, Appellee.
No. 9691.
District of Columbia Court of Appeals.
Submitted May 20, 1976.
Decided November 2, 1976.
Rehearing Denied December 9, 1976.
*458 John P. Burke, Washington, D. C., appointed by this court, for appellant.
Earl J. Silbert, U. S. Atty., and John A. Terry, Nicholas Gilman, and John L. Kern, Asst. U. S. Attys., Washington, D. C., were on the brief for appellee.
Before KELLY, NEBEKER and MACK, Associate Judges.
NEBEKER, Associate Judge:
This appeal arises from convictions for armed robbery in violation of D.C.Code 1973, §§ 22-2901, -3202; and possession of a prohibited weapon in violation of D.C. Code 1973, § 22-3214(b). Appellant contends that (1) res judicata barred his prosecution and conviction on the robbery counts charged in his indictment; (2) he was denied a speedy trial; and (3) his conviction for possession of a prohibited weapon cannot stand because that offense is included within the crime of armed robbery. We disagree and affirm the convictions.
The driver of a laundry truck double-parked while making a delivery. When the driver returned to his truck, appellant represented himself to be a police officer, braced the driver for double-parking, and demanded to see his driver's license. Appellant entered the truck with the driver, who was retrieving his license, and struck him on the head with a baton. The driver's customer witnessed the incident and telephoned the police, who arrived shortly thereafter and apprehended appellant.
*459 The original indictment for armed robbery and robbery was dismissed for failure to charge specific intent to steal  the indictment charged only that appellant "stole". The dismissal was not appealed by the government. Thereafter, this court held that the work "stole" was a sufficient allegation, thereby reversing a dismissal of a similar robbery indictment. United States v. Owens, D.C.App., 332 A.2d 752 (1975). A new indictment was then returned against the appellant. It contained the same counts as the original indictment and the charges of armed robbery and robbery were phrased identically to the robbery counts of the original indictment. Appellant was thereafter convicted of armed robbery and possession of a prohibited weapon on that indictment.
Appellant claims on appeal that the ruling that the original indictment was insufficient because it failed to allege specific intent to steal was a final and appealable ruling on an issue of law, and, as such, res judicata barred prosecution and conviction for armed robbery under the identically phrased second indictment. We conclude he is wrong. A dismissal of an indictment for failure to charge an offense does not give rise to the bar of res judicata in another action involving the same offense. See Robinson v. United States, 284 F.2d 775, 776 (5th Cir. 1960). See also Nolan v. United States, 163 F.2d 768, 770 (8th Cir. 1947). It appears settled that the judgment of a court dismissing an indictment for failure to charge an offense does not preclude the government from a subsequent prosecution on a good indictment. See United States v. Oppenheimer, 242 U.S. 85, 37 S.Ct. 68, 61 L.Ed. 161 (1916); United States v. Owen, 21 F.2d 868, 869 (N.D.Ill.1927). Before a trial court's dismissal of an indictment can be deemed res judicata, so as to bar a subsequent indictment, it must be shown that the first decision was made on the merits. See Cromwell v. County of Sac, 94 U.S. 351, 24 L.Ed. 195 (1877). For a comprehensive statement, see also Rudd v. Cornell, 171 N.Y. 114, 63 N.E. 823, 827 (1902). The term "merits" is defined as the real or substantial grounds of action or defense as distinguished from matters of practice, procedure, jurisdiction, or form. Clegg v. United States, 112 F.2d 886, 887 (10th Cir. 1940); Josephson's National Bar Review Centers, Inc. v. Nexus Corp., 359 F.Supp. 1144, 1146 (N.D.Ill. 1973).
The trial court's decision on the original indictment was based on the form of the indictment, and it was concluded that the indictment contained insufficient allegations to charge an offense. It was not a decision which went to the substance of the accusation or the defenses to it. In Hughes v. United States, 71 U.S. (4 Wall.) 232, 237, 18 L.Ed. 303 (1866), the Supreme Court said:
In order that a judgment may constitute a bar to another suit, it must be rendered in a proceeding between the same parties or their privies, and the point of controversy must be the same in both cases, and must be determined on its merits. If the first suit was dismissed for defect of pleadings. . ., or the want of jurisdiction, or was disposed of on any ground which did not go to the merits of the action, the judgment rendered will prove no bar to another suit. . . .
See also Smith v. McNeal, 109 U.S. 426, 3 S.Ct. 319, 27 L.Ed. 986 (1883); Ripperger v. A. C. Allyn & Co., 37 F.Supp. 373, 374 (S.D.N.Y.), aff'd, 113 F.2d 332 (2d Cir.), cert. denied, 311 U.S. 695, 61 S.Ct. 136, 85 L.Ed. 450 (1940).
It is important to note that the government was not attempting to relitigate the issue of the sufficiency of the indictment by reindicting the appellant. The intervening decision in United States v. Owens, supra, had held conclusively that the indictment, as worded, was sufficient. Nor was the reindictment of appellant an *460 attempt by the government to avoid the appellate process under D.C.Code 1973, § 23-104(c), by the manner in which it decided to proceed. In view of the decision in Owens, there was nothing to preclude a subsequent grand jury indictment in the same language, even absent notice of appeal by the government.
Although concededly in a different context, the Supreme Court has spoken of the general nature of federal grand jury action, and we see no reason not to apply that rationale here. It has been said that an indictment returned by a legally constituted and unbiased grand jury, if valid on its face, is enough to call for a trial of the charge on the merits. The Fifth Amendment requires nothing more. Costello v. United States, 350 U.S. 359, 363, 76 S.Ct. 406, 100 L.Ed. 397 (1956). See also United States v. Calandra, 414 U.S. 338, 94 S. Ct. 613, 38 L.Ed.2d 561 (1974); United States v. Mara, 410 U.S. 19, 93 S.Ct. 774, 35 L.Ed.2d 99 (1973). The second indictment of appellant was valid on its face and, as such, was all that could be required for a trial of the charges on the merits. See United States v. Johnson, D.C.App., 328 A.2d 769, 770 (1974).
Appellant's reliance on United States v. Oppenheimer, supra, to support his position that res judicata should apply to the present case is inapposite. Oppenheimer involved a prosecution which was declared barred by the statute of limitations. is a plea of the statute of limitations is a plea to the merits and goes to liability as a matter of substantive law. United States v. Barber, 219 U.S. 72, 78, 31 S.Ct. 209, 55 L.Ed. 99 (1911). The dismissal of an indictment for failure to charge an offense, however, does not go to the merits.
Nor does the related doctrine of collateral estoppel make the dismissal of the first indictment conclusive as to the sufficiency of the wording of the second. Collateral estoppel operates on a fact or ruling established in a prior cause of action by a final judgment on the merits. See Cromwell v. County of Sac, supra. The instant case does not involve a second cause of action, nor has there been a previous final judgment on the merits. Thus, collateral estoppel is also inapplicable. See and compare Laughlin v. United States, 120 U.S. App.D.C. 93, 344 F.2d 187 (1965).
One additional point needs to be emphasized. Professor Scott, one of the co-reporters of Restatement of Judgments, has remarked that the application of res judicata in criminal cases presents "questions of policy quite different from those applicable to civil proceedings." 39 Iowa L.Rev. 214, 216 (1954).
With regard to such policy considerations, it should be remembered that a grand jury is an arm of the judicial rather than the executive branch of government. While parties to a suit may be foreclosed by res judicata, the doctrine should not be extended so far as to inhibit the independent functioning of the grand jury under the circumstances of this case. The Calandra, Mara, and Costello decisions focus on the necessary independence of the grand jury.
Appellant also contends that he was denied his constitutional right to a speedy trial. Although the period between appellant's arrest (April 22, 1974) and his trial (April 1, 1975) was more than eleven months, substantial delay was caused by appellant. Moreover, he was released on bail during that time. Appellant affirmatively sought a mental examination. He then failed to report for trial, thus delaying proceedings another month. We also note that there is no indication in the record of any action by the government to delay the trial. When these facts are applied to the balancing test mandated by the Supreme Court in Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), we must conclude that the delay *461 was not a denial of appellant's Sixth Amendment right to a speedy trial.
Finally, appellant contends that his conviction for possession of a prohibited weapon under D.C.Code 1973, § 22-3214(b), cannot stand because that offense is a lesser included offense of the crime of armed robbery under D.C.Code 1973, §§ 22-2901, -3202, of which he was also convicted. A lesser offense must be such that the greater offense cannot be committed without also committing the lesser. Crosby v. United States, 119 U.S.App.D.C. 244, 245, 339 F.2d 743, 744 (1964). Appellant's conviction for armed robbery required proof of commission of a robbery "when armed with or having readily available. . . [a] dangerous or deadly weapon". D.C.Code 1973, § 22-3202(a). As such, armed robbery does not require the use of or the intent to use a weapon in the commission of the robbery; it requires mere availability of a weapon. On the other hand, a conviction for possession of a prohibited weapon under D.C.Code 1973, § 22-3214(b), requires proof of intent to use the weapon unlawfully against another; mere possession of a weapon is insufficient for liability under subsection (b). Thus, armed robbery can be committed without also violating D.C.Code 1973, § 22-3214(b). Therefore, possession of a prohibited weapon under subsection (b) is not a lesser included offense of the crime of armed robbery, nor is there an identity of the offenses since "each offense requires proof of some fact or element not needed, to establish the other." Cooke v. United States, D.C.App., 213 A.2d 508, 509-10 (1965) (footnote omitted). Appellant was validly charged with and convicted of both offenses.
Accordingly, the judgments of conviction are
Affirmed.