Allen C. MORTON, Appellant,

v.

UNITED STATES, Appellee.

No. 91–CF–929.

District of Columbia Court of Appeals.

Argued Dec. 15, 1992.
Decided Feb. 23, 1993.

David Carey Woll, Kensington, MD, appointed by the court, for appellant.

Steven D. Mellin, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and John R. Fisher, Abby J. Stavitsky, and Roy W. McLeese, III, were on the brief, for appellee.

Before TERRY, SCHWELB and FARRELL, Associate Judges.

FARRELL, Associate Judge:

Following his plea of guilty to unlawfully possessing cocaine with intent to distribute it while armed (D.C.Code §§ 33–541(a)(1) (1988), 22–3202 (1989)), appellant moved to withdraw his plea before sentencing on the grounds that the trial judge had failed to insure that a factual basis existed for the armed element of the offense, and that, in any event, withdrawal was in the interest of justice under Super.Ct.Crim.R. 32(e) (1992). After a hearing, the trial judge denied the motion and imposed a prison sentence of ten to thirty years, including a mandatory minimum of five years as required by D.C.Code § 22–3202(a)(1) (Supp. 1992). Appellant noted this appeal challenging both the denial of the motion to withdraw and the imposition of a mandatory minimum sentence.

## I.

At the plea proceeding, the government proffered that on November 20, 1990, police officers possessing a search warrant entered an apartment at 504½ M Street, N.E., and encountered appellant and a co-defendant in the living room. The two men were "darting around as if they were confused about the sudden presence of police officers." Moments later, both were seized "within arm's length" of a .38 caliber Smith and Wesson revolver lying atop a television set. Three other handguns and three beepers were found elsewhere in the apartment. Appellant was carrying twenty-one ziplock bags of cocaine concealed in his crotch area. In pleading guilty, appellant confirmed the accuracy of this proffer and admitted he had possessed the cocaine with intent to distribute it. In response to the trial judge's question whether he had "ready access" to the gun on the television set, he answered yes, adding that although the gun was not his, he had seen his co-defendant place it there before the police entered, and knew it was operable.

## II.

On appeal, appellant contends that the proffer of facts was insufficient to show that he was "armed with" or had "readily available" the .38 caliber pistol within the meaning of D.C.Code § 22–

3202(a)(1),[1] hence that he should have been allowed to withdraw his plea for violation of Super.Ct.Crim.R. 11(f).[2] *See Gooding v. United States*, 529 A.2d 301, 305 (D.C. 1987) ("Failure by the court to meet these Rule 11 standards [including Rule 11(f)] will require the subsequent grant of a Rule 32(e) withdrawal motion unless it is apparent, under the terms of Rule 11(h), that any variance was purely technical and affects no substantial right in any way"). This contention has no merit. According to the proffer and appellant's own admissions, the gun was within his immediate reach; he knew it was there and was operable; he had a substantial quantity of cocaine packaged for distribution on his person; and other evidence of distribution—guns and beepers—was found in the apartment. This was more than sufficient evidence to "satisfy" the trial judge, Rule 11(f), that appellant possessed the drugs for distribution while having the gun readily available. *Cf. In re T.M.*, 577 A.2d 1149, 1152–53 (D.C.1990) (pointing out that related concept of constructive possession "may be established by an accused's proximity to the prohibited item coupled with 'circumstances giving rise to an inference of a concert of illegal action involving [contraband] by the occupants of the premises where the [contraband was] found'") (citation omitted).

### III.

■ Appellant further contends that withdrawal should have been allowed under the "fair and just" standard governing pre-sentence motions to withdraw. *Gooding*, 529 A.2d at 306 (quoting *Kercheval v. United States*, 274 U.S. 220, 224, 47 S.Ct. 582, 583, 71 L.Ed. 1009 (1927)). That decision, however, is committed to the sound discretion of the trial judge. *Id.* at 306. Rejecting appellant's claim that he was confused at the time of the plea, the judge found "not a hint, a scintilla, a shred of indication in the record" that appellant had pled guilty because of "stress" or "any lack of understanding." Given the ready availability of the .38 caliber pistol, the judge also found appellant's claim of innocence respecting the armed element of the crime unconvincing. Finally, the judge considered the delay ("six or seven weeks") between the plea and appellant's first indication of a desire to withdraw it, and the fact that withdrawal of the plea would prejudice the government because it would mean a lengthy postponement of the trial. Applying the factors set forth in *Gooding*, 529 A.2d at 306–07, we are satisfied that the judge did not abuse his discretion in denying the motion to withdraw the plea.

### IV.

■ Appellant's remaining contention—the only one that necessitates this published opinion—is that the trial judge erred in imposing the mandatory-minimum sentence of five years under D.C.Code § 22–3202(a)(1) because the facts proffered, even if sufficient to show he had the gun readily available, could not have persuaded a reasonable trier of fact that he was "armed with" the pistol.[3] The government coun-

1. D.C.Code § 22–3202(a)(1) provides:

   (a) Any person who commits a crime of violence, or a dangerous crime in the District of Columbia when armed with or having readily available any pistol or other firearm (or imitation thereof) or other dangerous or deadly weapon (including a sawed-off shotgun, shotgun, machinegun, rifle, dirk, bowie knife, butcher knife, switchblade knife, razor, blackjack, billy, or metallic or other false knuckles):

   (1) May, if he is convicted for the first time of having so committed a crime of violence, or a dangerous crime in the District of Columbia, be sentenced, in addition to the penalty provided for such crime, for a period of imprisonment which may be up to life imprisonment and shall, if convicted of such offenses while armed with any pistol or firearm, be imprisoned for a mandatory-minimum term of not less than 5 years....

2. Rule 11(f) provides that "[n]otwithstanding the acceptance of a plea of guilty, the Court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea."

3. Although Rule 11(f), requiring a factual proffer before a guilty plea may be accepted, is written only in terms of "such inquiry as shall satisfy" the judge, the government accepts the principle that "the factual basis of which the rule speaks is ... sufficient evidence from which a reasonable jury could conclude that the

ters that when a gun is within immediate reach of the defendant and he knows it is there, and when in addition his possession of drugs for distribution suggests that he has particular need for the protection of a gun, it is reasonable to view him as "armed with" the gun while committing the underlying narcotics offense.

The government's argument has some force because it is certainly true that a gun within arm's reach of the defendant may be as accessible to immediate use as a gun, say, stuffed in his pocket or strapped to his leg. Hence we do not reject the government's argument that in some circumstances "armed with" under § 22–3202(a)(1), even for purposes of the mandatory sentence, may reasonably include a firearm within arm's reach of the defendant. We conclude, however, that on the facts proffered here a reasonable jury could not find that appellant had armed himself with the firearm—as distinct from having it "readily available" for use in his drug operation.

Although appellant and his confederate were surprised by the entry of the police and initially "dart[ed] around [the apartment] as if ... confused," a jury could reasonably infer that they collected themselves and moved intentionally toward the gun.[4] The difficulty with the government's position, however, is shown if we assume that the police had stopped the two men five to ten feet from the gun rather than within arm's reach of it. In that case the government's test (for "armed with") of immediate reach could not be deemed satisfied without substantially assimilating the concepts of "armed with" and "having readily available." On the other hand, to subject one defendant but not another to a mandatory five year minimum sentence based on the coincidence of where the police managed to arrest their movement seems inequitable.

The government acknowledges that the statutory distinction is a deliberate and important one. We said so in *Abrams v. United States*, 531 A.2d 964 (D.C.1987), where we stated that D.C.Code § 22–3202(a)(1) embodies a "legislative decision to narrow. the class of persons who must receive a minimum sentence, in contrast with the class for which the trial court has discretion to impose a life sentence." *Id.* at 971. Thus, to receive the mandatory-minimum sentence, a "single perpetrator must *actually have been 'armed'*; it is not enough for this purpose that the defendant had a gun 'readily available.' " *Id.* (emphasis added). While we had no occasion in *Abrams* to "delineate the precise contours of this distinction," *id.*, we implicitly recognized that any extension of the concept of "actually" being armed beyond actual physical possession of the firearm would have to be extremely narrow.

Another consideration disfavoring the government's "immediate reach" standard, at least on these facts, is the manner in which the law requires ambiguous statutory terms to be construed in criminal cases. On its face the phrase "armed with" is ambiguous on the precise issue of whether it may include a weapon within arm's reach of the defendant, but not on his person. The mandatory-minimum sentence provision was enacted as a result of a voter initiative, *Abrams*, 531 A.2d at 966 & n. 3, and there are no legislative materials to consult on the framers' precise intent. Even if we agree with the government that, logically, some instances where a defendant possesses a gun within arm's reach would fall comfortably within the meaning of "armed with," marginal or questionable instances must surely be resolved in the defendant's favor—as outside the reach of that concept—under "the venerable rule of lenity," reflecting " 'the instinctive distaste against men languishing in prison unless the lawmaker has clearly said they should.' " *United States v. R.L.C.*, —— U.S. ——, ——, 112 S.Ct. 1329, 1338, 117 L.Ed.2d 559 (1992) (plurality opinion) (quot-

---

defendant committed the crime." *United States v. Abreu*, 296 U.S.App.D.C. 16, 19, 964 F.2d 16, 19 (1992).

4. In other words, a jury would not be obliged to accept appellant's argument that, somewhat in the manner of a Newtonian particle, he was moving around the room and just happened to end up near the gun.

ing *United States v. Bass*, 404 U.S. 336, 348, 92 S.Ct. 515, 522, 30 L.Ed.2d 488 (1971), and H. FRIENDLY, BENCHMARKS 209 (1967)); *see also id.* at 1339 (Scalia, J., concurring). Application of lenity in this context is particularly unproblematical since the trial judge retains discretion to impose the full minimum sentence authorized by law.

Therefore, while we leave for another day the precise question whether "while armed with," as distinct from "having readily available," may include a firearm not physically on the person of the defendant for purposes of mandatory sentencing under § 22–3202(a)(1), we hold that on the facts of this case a jury could not reasonably have found appellant to be "armed with" the pistol and hence subject to the mandatory-minimum.

Accordingly, we vacate the mandatory-minimum portion of appellant's sentence and remand to the trial court with directions to exercise its discretion concerning the minimum sentence to be imposed.[5] In all other respects the order of the Superior Court is affirmed.

*So ordered.*

---

**5.** The parties agree that the issue of whether a mandatory-minimum sentence of five years was proper in this case is not moot even though the trial judge sentenced appellant to a minimum sentence of ten years.