**Joseph JAMISON, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 94–CF–1336.**

District of Columbia Court of Appeals.

Argued Jan. 4, 1996.

Decided Jan. 25, 1996.

Camille M. Weithers, for appellant.

John E. Marsh, Student Counsel, with whom Eric H. Holder, Jr., United States Attorney, and John R. Fisher and Elizabeth Trosman, Assistant United States Attorneys, were on the brief, for appellee.

Before FARRELL and REID, Associate Judges, and PRYOR, Senior Judge.

FARRELL, Associate Judge:

Appellant challenges his convictions for assault with intent to commit robbery while armed (D.C.Code §§ 22–501 (1989), –3202 (1989 & Supp.1993)) and possession of a firearm during commission of a crime of violence (D.C.Code § 22–3204(b) (Supp.1993)), contending that the government's proof failed in several respects. We reject these arguments, and publish this opinion only to dispel lingering confusion, shared by appellant, about the meaning of the phrase "when armed with or having readily available" in

§ 22–3202(a), a penalty enhancement provision.

The evidence was sufficient for the trier of fact to conclude that appellant intended to rob the victim, Antoinette Izlar, and assaulted her with that intent by reaching inside his jacket for a weapon (which turned out to be a pellet gun) while struggling with her as she tried to get out of her car. Appellant nonetheless seizes upon the victim's testimony that appellant never mentioned a gun and that she did not see a gun or bulge in his jacket or around his waistband, and her failure to testify that she thought he had a gun or any other weapon. Only when an off-duty police officer grabbed him did appellant drop the pellet gun. Citing two decisions, *Strong v. United States,* 581 A.2d 383 (D.C.1990), and *Paris v. United States,* 515 A.2d 199 (D.C.1986), appellant argues that the penalty enhancement permitted by § 22–3202 [1] required proof that he *"used* the pellet gun in [some] manner to frighten or threaten the [victim] with bodily injury to coerce her into giving him [money]"* (emphasis added). Since (he reasons) the victim did not know or believe that he had a weapon (or at least did not testify to that belief), the "use" contemplated by § 22–3202 was not established.

Appellant's reading of the "while armed" requirement is erroneous. We have long since held that, for purposes of § 22–3202 enhancement, "armed robbery does not require the *use* of or the *intent to use* a weapon in the commission of the robbery [or other violent crime]; it requires mere availability of a weapon." *Washington v. United States,* 366 A.2d 457, 461 (D.C.1976) (emphasis in original). Neither *Strong,* properly read, nor *Paris* suggests otherwise. In *Paris,* the issue was not whether the defendants "used" dangerous weapons as distinct from being armed with them or having them readily available. The issue was whether they could properly be found to have been armed at all, when no weapons had been seen in their possession during the robbery. *Paris,* 515 A.2d at 203. We held that the fact that one of the assailants had thrust an "extremely hard" object into the ribs of one victim and that a revolver was recovered from an alley where the assailants traded gunfire with police allowed the inference that they were armed during the robbery. *Id.* at 203–04. In the present case, there is no dispute that appellant had the gun on his person during the robbery: he dropped it in the ensuing struggle with the police officer.

*Strong* also introduced no requirement of "use" unknown in our previous § 22–3202 decisions. *Strong* involved a conviction for a different crime, carrying a dangerous weapon (D.C.Code § 22–3204), in that case an air pistol. 581 A.2d at 384. This court reversed the conviction because the air pistol "was not inherently dangerous, and appellant did not use it in a manner which rendered it so." [2] *Id.* at 386. *See also id.* (citing *Clarke v. United States,* 256 A.2d 782, 786 (D.C.1969)) ("An object which is not inherently dangerous can become dangerous by its use as a weapon."). The court contrasted carrying a dangerous weapon, " 'essentially a crime of possession, designed to keep such dangerous items off the street,' " *id.* at 387 (quoting *Roper v. United States,* 564 A.2d 726, 730 (D.C.1989)), with § 22–3202 and similar "enhancement provisions." Enhancement under these statutes "will stand," it said, "only if a defendant (1) has committed some violent crime,[3] and (2) has used the threat of injury by a dangerous weapon to force his victims to comply with his illegal requests." *Strong,*

---

1. Section 22–3202 "does not comprise a criminal offense in and of itself"; rather, it is a "penalty enhancement provision" that "authorize[s] imposition of an additional penalty for committing certain underlying offenses [defined as 'violent' and 'dangerous' crimes] while armed with or having readily available a dangerous weapon." *Thomas v. United States,* 602 A.2d 647, 650 (D.C. 1992) (footnote omitted). It also requires a mandatory minimum penalty for those convicted of being "armed with any pistol or firearm." *Id.* at 651.

2. Although found in possession of the air pistol when arrested after an altercation with a girl, appellant "at no time [had] brandished the pistol." 581 A.2d at 386.

3. The court noted that the legislature has since expanded the category of crimes to include "dangerous crime[s]" as well. 581 A.2d at 386 n. 8.

581 A.2d at 387. Appellant fastens onto the second condition in asserting that "armed with or having readily available" in § 22–3202 equals actual use, apparent to the victim, of a dangerous weapon to effectuate the unlawful intent.[4]

We disagree. *Strong* did not interpret "armed with or having readily available" so as to require display of the weapon or similar actual announcement of its presence. That reading would be in direct opposition to *Washington, supra,* and thus proscribed by *M.A.P. v. Ryan,* 285 A.2d 310, 312 (D.C.1971) (a division of this court will not overrule a prior decision of another division). *See also Thomas, supra* note 1, 602 A.2d at 651 n. 14 ("[W]hile use of an instrument may be necessary in some cases to prove it was a dangerous weapon ... *use* of a dangerous weapon is not an element of [§] 3202") (emphasis added). Nor could it be squared with the section's including, for example, burglary as a predicate "crime of violence"[5] (since the need to "use" the gun may never arise during that crime) or with its including drug distribution as a predicate "dangerous crime"[6] (since actual use of a firearm will only infrequently accompany that crime). Correctly read, *Strong*'s explication of § 22–3202 says no more than that enhancement is permissible where the dangerous weapon is "used to further some illegal purpose," *Strong,* 581 A.2d at 387, in the specific sense that (1) the defendant committed a violent or dangerous crime, *and* (2) the weapon was (at least) readily available to him during the commission of that crime. This understanding of the statute underlies our holding in *Morton v. United States,* 620 A.2d 1338, 1340 (D.C. 1993), where we sustained an enhanced sentence under § 22–3202 of a defendant who possessed drugs for distribution while having a firearm readily available, although there was no evidence of actual use.[7] *See also*

*Guishard v. United States,* 669 A.2d 1306 (D.C.1995).

*Affirmed.*

---

**4.** *See also Strong,* 581 A.2d at 388 ("When an object is used to coerce others into submitting to illegal requests, what is significant is whether the victims believe the item is a weapon.").

**5.** Section 22–3201(f) (Supp.1993).

**6.** Section 22–3201(g) (Supp.1993).

**7.** In another portion of *Morton,* we found the evidence insufficient to show that the defendant was "armed with" (as opposed to having readily available) the gun for purposes of § 22–3202's mandatory minimum sentence provision. *See* 620 A.2d at 1340–42.