**Bobby BLAIR, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 01–CO–559.**

District of Columbia Court of Appeals.

Submitted Feb. 5, 2002.

Decided Feb. 14, 2002.

---

**5.** *See Bell v. United States,* 676 A.2d 37, 41 (D.C.1996) (distinguishing case remands and record remands).

guilty to two charges of robbery, in violation of D.C.Code § 22–2901 (2000) and one charge of armed robbery, in violation of D.C.Code §§ 22–2901, 3202 (2000). Mr. Blair now challenges, *pro se*, the trial court's denial of his Motion to Vacate Conviction pursuant to D.C.Code § 23–110 (2000). He principally argues that he was denied effective assistance of counsel when his trial counsel failed to challenge the "armed robbery" charge because there is no such specified offense in the D.C.Code. We affirm.

■ Mr. Blair's argument is unavailing because his claim relies upon the faulty premise that the crime of armed robbery does not exist because it is not specified in the D.C.Code. Armed robbery has long been established as an independent crime in this jurisdiction. *See e.g., Ellis v. United States*, 395 A.2d 404, 413 (D.C.1978); *Washington v. United States*, 366 A.2d 457, 461 (D.C.1976). Thus, as the indictment was valid, Mr. Blair's counsel was not ineffective.[1]

Bobby Blair, filed a brief, pro se.

Roscoe C. Howard, Jr., United States Attorney, and John R. Fisher, and James H. Dinan, Assistant United States Attorneys, were on the brief, for appellee.

Before WAGNER, Chief Judge and STEADMAN and REID, Associate Judges.

REID, Associate Judge.

On June 9, 1993, appellant Mr. Bobby Blair was indicted for seven counts relating to crimes committed in March 1993. On September 3, 1993, Mr. Blair pleaded

■ Mr. Blair's related contention that "[t]his same codification was being applied twice for a non-statutory armed robbery offense" is similarly unpersuasive. D.C.Code § 22–3202 (2000) is an enhancement statute providing for additional penalties for crimes committed when armed. To prove armed robbery under D.C.Code §§ 22–2901, –3202, the government must prove robbery and, in addition, must show that the defendant was "armed with or ha[d] readily available any pistol or other firearm (or imitation thereof) or other dangerous or deadly weapon...." D.C.Code § 22–3202(a) (2000); *cf. Zanders v. Unit-*

---

1. "To prevail on his ineffective assistance of counsel argument, [Mr. Blair] 'must show (1) deficient performance by his trial counsel, and (2) prejudice traceable to his counsel's deficiencies'" *Courtney v. United States*, 708 A.2d 1008, 1010 (D.C.1998) (quoting *Zanders v. United States*, 678 A.2d 556, 569 (D.C. 1996)) (citing *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

*ed States,* 678 A.2d 556, 563 (D.C.1996) (holding "[t]o prove robbery of a senior citizen, the government must meet the elements of robbery and in addition, must show that the victim of the robbery was sixty years of age or older"). Thus, rather than being a "non-statutory . . . offense," armed robbery is a statutory offense defined by two different statutes.

 Mr. Blair's contention that his counsel was ineffective for failing to raise a constitutional double jeopardy challenge also does not prevail. The argument appears to be that his armed robbery conviction amounted to 'cumulative punishment' for the same conduct without legislative authorization because armed robbery and robbery are separate crimes. But they are not. As we stated in *Thomas v. United States,* 602 A.2d 647, 650 (D.C.1992), the 'while armed' provision of § 22–3203 'does not comprise a criminal offense in and of itself'; rather it is an enhancement provision and "its application is dependent upon a conviction of the underlying offense." *Thomas v. United States,* 602 A.2d 647, 650 (D.C.1992). Therefore, the Double Jeopardy Clause does not apply.[2]

Accordingly, for the foregoing reasons, we affirm the judgment of the trial court.

*So ordered.*

---

**2.** In addition, Mr. Blair raises constitutional claims related to his contention that the government's indictment was flawed. He alleges a violation of his "[r]ight to a fair and impartial proceeding," substantive and procedural due process violations, violations of federalism principles, and an Equal Protection violation prompted by an "unfair tribunal." While there is a "presumption that a trial court presented with a § 23–110 motion . . . should conduct a hearing" "we have recognized

three categories of claims that do not merit hearings: (1) vague and conclusory allegations, (2) palpably incredible claims, and (3) assertions that would not merit relief even if true." *Ramsey v. United States,* 569 A.2d 142, 147 (D.C.1990) (citations and quotations omitted). As these particular allegations lack any factual support, they are vague and conclusory and the trial court did not err in denying Mr. Blair a hearing.