Charles E. PRINGLE, Appellant,

v.

UNITED STATES, Appellee.

No. 02–CF–410.

District of Columbia Court of Appeals.

Argued May 19, 2003.
Decided June 5, 2003.

Frederick J. Sullivan, Bowie, MD, for appellant.

Gilberto Guerrero, Jr., Assistant United States Attorney, with whom Roscoe C. Howard, Jr., United States Attorney, and John R. Fisher, Elizabeth Trosman, and Pamela S. Satterfield, Assistant United States Attorneys, were on the brief, for appellee.

Before FARRELL, RUIZ, and GLICKMAN, Associate Judges.

PER CURIAM:

Pringle appeals from the denial of his pre-sentence motion to withdraw his guilty plea, *see* Super. Ct.Crim. R. 32(e), arguing primarily that the trial judge violated Super. Ct.Crim. R. 11(f) by failing to require an adequate showing of a factual basis for his guilty plea to assault with a dangerous weapon (ADW), shod-foot. Appellant does not dispute—nor could he, given his admissions at the plea hearing—that he kicked the complainant in the buttocks with one of his Timberland walking or hiking boots, but asserts that the government's proffer included no facts supporting an inference that his "shod foot" was capable of inflicting serious bodily injury upon her. *See Powell v. United States*, 485 A.2d 596, 601 (D.C.1984) ("[A]n instrument capable of producing death or serious bodily injury by its manner of use qualifies as a dangerous weapon ...."). We do not agree.

Whether an object not *per se* a dangerous weapon was used as one "is ordinarily a question of fact to be determined by all the circumstances surrounding the assault." *Williamson v. United States*, 445 A.2d 975, 979 (D.C.1982). There is no question that appellant *intended* to use his boot to assault the complainant, and struck her angrily. He admitted at the plea hearing that he had been drinking "for the most part of the evening" and kicked her because he was upset by rumors that she was being escorted around town by another man. Moreover, as indication of the force he applied, he admitted that he punched her at the same time that he kicked her. A Timberland boot, used to kick someone, has intrinsically greater potential to cause serious injury than do, say, the tennis shoes that were at issue in *Arthur v. United States*, 602 A.2d 174 (D.C.1992)—or so the trial judge (who referred to appellant's shoes as "heavy boots") could reasonably infer.[1] " '[T]he factual basis of which [Rule 11(f) ] speaks is ... sufficient evidence from which a reasonable jury could conclude that the defendant committed the crime.' " *Morton v. United States*, 620 A.2d 1338, 1340 n. 3 (D.C.1993) (citation omitted). There was sufficient evidence to permit the conclusion that appellant used his boot as a dangerous weapon.

The government cites to additional facts brought out at the preliminary hearing supporting the dangerous nature of the weapon in the circumstances, *i.e.*, that the complainant in fact suffered some bruising from the combined assaults and—perhaps more significant—that she was seven-and-a-half months pregnant at the time. Although these facts were not adduced at the plea proceeding (as part of the factual proffer or otherwise), the government relies on plain error analysis, *see United States v. Vonn*, 535 U.S. 55, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002), to argue that the entire record may be considered because

---

1. Because the shod foot in *Arthur* involved tennis shoes, it stands to reason that the court there relied on the principle that "[e]vidence of serious injury *resulting* from an assault with a certain object is very strong evidence of the dangerous character of that object." *Arthur*, 602 A.2d at 178 (emphasis added); *see also id.* at 178–79 (discussing cases in which it was claimed the state failed to prove "that any particular type of shoe was used in the assault").

appellant raises his factual basis claim for the first time on appeal. We choose not to consider these facts or the government's plain error argument. At the hearing on the motion to withdraw, appellant's counsel did argue to the judge that in the reported cases upholding ADW convictions for use of a shoe or boot, unlike here, the circumstances were either "of a very aggravated type" or "[t]here was severe [actual] injury." Whether this was sufficient to preserve appellant's challenge to the factual basis for the plea is, at the least, a close question that we do not decide. What this case does demonstrate, however, is the risk of further litigation created when the government makes only a "bare bones" proffer at the guilty plea proceeding, despite possessing other evidence it readily could have mentioned.[2]

*Affirmed.*

---

2. Beyond his claim of no factual basis for the plea, appellant argues generally that the trial judge abused her discretion in not granting his pre-sentence motion to withdraw. Essen-

tially for the reasons stated by the judge in her written opinion, we reject this argument. *See Maske v. United States,* 785 A.2d 687, 693 (D.C.2001).